[Sac. No. 3234. In Bank.—November 10, 1921.]

HENRY ARTHUR MARTIN, Petitioner, v. GEORGE M. DE SHIELDS, as Auditor, etc., Respondent.

[1] Counties—Compensation of Sheriff and Deputies—Charter of Tehama County — Constitutional Law.—The provision of the charter of the county of Tehama (Stats. 1917, p. 1883) that the salary of the sheriff as sheriff and coroner shall be two thousand four hundred dollars per annum, and he may be allowed deputies not to exceed one thousand three hundred dollars per annum, is not violative of section 7½ of article XI of the constitution, since the provision with reference to the salary of deputies is a part of the provision fixing the compensation of the sheriff, as authorized by subdivision 2 of the section.

APPLICATION for a Writ of Mandamus to compel a county auditor to draw a salary warrant. Granted.

The facts are stated in the opinion of the court.

F. L. Butterway for Petitioner.

M. J. Cheatham, District Attorney, for Respondent.

LAWLOR, J.—This is a companion case to *Jones v. De Shields, ante,* p. 331, [202 Pac. 137]. Petitioner, Henry Arthur Martin, was appointed by the sheriff of Tehama County to the position of deputy sheriff, but respondent, George M. De Shields, as auditor of said county, refused to draw his warrant on the county treasurer in the sum of

$108.33 for petitioner's salary for the month of November, 1920. The contentions of the parties are the same as those made in *Jones* v. *De Shields, supra.*

[1]  In section 1 of article IV of the charter of Tehama County (Stats. 1917, p. 1883) it is provided as follows: "The salary of the sheriff as sheriff and coroner shall be two thousand four hundred dollars per annum, and he may be allowed deputies at not to exceed one thousand three hundred dollars per annum." As was held in *Jones* v. *De Shields, supra,* an allowance to the chief deputy or other deputy as salary for the services of such deputy is violative of the constitutional provision which requires that the power to fix the number and compensation of deputies must be vested by the charter in the board of supervisors. The situation, however, presented by the provision of the charter relating to the salary of the sheriff is different. The provision with reference to the salary of deputies is a part of the provision fixing the compensation of the sheriff as authorized by subdivision 2 of section 7½ of article XI of the constitution. (See *Dougherty* v. *Austin,* 94 Cal. 601, [16 L. R. A. 161, 28 Pac. 834, 29 Pac. 1092].) It is as though the provision had read: "The compensation of the sheriff shall be two thousand four hundred dollars per annum and the pay of his necessary deputies to the extent of one thousand three hundred dollars per annum." If part of the provision must fall it is clear that all must fall, with the result that the charter would be without any valid provision at all as to the compensation of the sheriff. This would relegate the sheriff to his salary under the general law. (*Jones* v. *De Shields, supra.*) It is not necessary, however, to hold the entire provision invalid. It embodies a well-recognized method of fixing the compensation of an officer, as shown by *Dougherty* v. *Austin, supra,* and a long line of subsequent decisions, at either a lump sum, he to pay his own deputies and assistants, or at a specified sum, with an allowance for a part of the expenses of deputies and assistants. Here we have the second one of these alternative methods—a specified sum, together with further allowance for deputies to the extent of one thousand three hundred dollars per annum. If we assume that the sum of one thousand three hundred dollars allowed for deputies is an essential part of the compensation of the sheriff, and therefore the provision con-

cerning the same authorized by the provisions of section 7½, article XI, providing that the compensation of the sheriff may be fixed by the charter, then the sheriff undoubtedly had a right to appoint the petitioner as deputy sheriff under the general law at a salary to be fixed by the sheriff himself and to be paid from the compensation allowed by the charter to the sheriff, unless other provision is made in that behalf by the general law. The general law relating to Tehama County fixes the salary of the sheriff at four thousand eight hundred dollars, a lump sum, from which salary the sheriff is required to pay his deputies. The salary of two thousand four hundred dollars allowed by the charter, plus an allowance of one thousand three hundred dollars for deputies, takes the place of and supersedes the salary allowed by the general law to the sheriff. It may be assumed, we think, in the absence of any contention or showing to the contrary, that the sheriff in employing the petitioner fixed his salary at the sum of $108.33 per month, and this sum so fixed by the sheriff is payable from the county treasury from that portion of the salary of the sheriff fixed by the charter to be paid to his deputies.

It is to be observed that we are not here considering a situation where the general law fixes the salaries of the sheriff's deputies in Tehama County. We are merely holding that the effect of the charter is to fix the compensation of the sheriff at three thousand seven hundred dollars per annum, one thousand three hundred dollars thereof to be used by the sheriff for compensation for such necessary deputies as he may appoint to assist him in the performance of his duties. The charter cannot be considered as a limitation upon the power of the legislature to give to the sheriff additional deputies, as such limitation has no place in the charter. (*Jones* v. *De Shields, supra.*) The charter having failed to authorize the supervisors to make provision for necessary deputies for the sheriff, that right remains in the state legislature. In the meantime, however, the sheriff is entitled to appoint deputies and pay their salaries to the extent of one thousand three hundred dollars from the fund set apart for that purpose to him by the charter.

The application for a writ of mandate is granted.

Wilbur, J., Angellotti, C. J., Shaw, J., and Shurtleff, J., concurred.