[Sac. No. 3233. In Bank.—November 10, 1921.]

SUTHERLAND H. JONES, Petitioner, v. GEORGE M. DE SHIELDS, as Auditor, etc., Respondent.

[1] COUNTIES—CHARTER—CONSTITUTIONAL LAW.—While a county charter should be consistent with the constitution, the whole charter cannot be declared null and void because it may contain certain provisions that are inconsistent with the constitution at the time of its adoption.

[2] ID.—CHARTER OF COUNTY OF TEHAMA—FAILURE TO PROVIDE FOR DEPUTY COUNTY CLERKS—VALIDITY.—The charter of the county of Tehama adopted pursuant to section 7½ of article XI of the constitution is not totally invalid because it contains no provision for the fixing and regulation, by the board of supervisors, of the manner of appointment and removal, the number, or the compensation of deputy county clerks, as required by such section of the constitution.

[3] ID.—APPOINTMENT AND COMPENSATION OF DEPUTY COUNTY CLERK—APPLICABILITY OF GENERAL LAW.—In view of the provisions of section 7½ of article XI of the constitution, relating to county charters superseding general laws as to matters provided for in such charters, the general law contained in section 4266 of the Political Code empowering the county clerk to appoint his own deputy and fixing the compensation for such deputy is applicable to the county of Tehama and has not been superseded by the county charter, which contains no valid provision for either the appointment or compensation of such deputy.

APPLICATION for a Writ of Mandamus to compel a county auditor to draw a salary warrant. Granted.

The facts are stated in the opinion of the court.

F. L. Butterway for Petitioner.

M. J. Cheatham, District Attorney, for Respondent.

LAWLOR, J.—Petitioner seeks a writ of mandate directed to respondent as auditor of Tehama County, commanding him to draw a warrant upon the county treasurer for the payment of petitioner's salary as chief deputy county clerk for the month of November, 1920.

The facts are not in dispute. Petitioner on April 5, 1920, was appointed by the county clerk of Tehama County to the

position of chief deputy county clerk. The appointment was made in writing, which was filed in the office of the county clerk, and petitioner took the oath of office. From April 5 to December 1, 1920, petitioner performed the duties of the office and regularly on the first of each and every month drew his salary of one hundred dollars for the previous month. On the latter date, respondent refused to draw his warrant for petitioner's salary for the month of November, and petitioner sued for a writ of mandate in the district court of appeal for the third appellate district. The writ was issued. A petition for a hearing of the matter in this court was granted.

The county of Tehama adopted a freeholders' charter pursuant to section 7½ of article XI of the constitution, which was subsequently ratified by the legislature (Stats. 1917, p. 1877). The said section requires that charters adopted under it shall provide: "5. For the fixing and regulation by boards of supervisors, by ordinance, of the appointment and number of assistants, deputies, clerks, attachés and other persons to be employed, from time to time, in the several offices of the county, and for the prescribing and regulating by such boards of the powers, duties, qualifications and compensation of such persons, the times at which, and the terms for which they shall be appointed, and the manner of their appointment and removal." It declares, further, that the charter "may provide as follows: For officers other than those required by the constitution and laws of the state, or for the creation of any or all of such offices by boards of supervisors, for the election or appointment of persons to fill such offices, for the manner of such appointment, for the times at which and the terms for which such persons shall be so elected or appointed, and for their compensation, or for the fixing of such compensation by boards of supervisors."

The Tehama County charter contains no provision for the fixing and regulation, by the board of supervisors, of the manner of appointment or removal, the number, or the compensation of deputy county clerks. In fact, deputies and assistants of elective officers are excepted from the list of such officers as are to be appointed by the supervisors. The charter does provide for a county clerk, who is to be elected, and who is to be *ex-officio* recorder. It also provides

that "Each county officer shall have the powers and perform the duties now or hereafter prescribed by General Law as to such officer, except as otherwise provided by this charter, and shall have and perform such other powers and duties as are or shall be prescribed by this charter." There is no provision that the county clerk or any other officer may appoint his deputies. The position of chief deputy county clerk is not expressly created, but in section 2 of article IV, concerning salaries, it is provided that the county clerk's "chief deputy shall receive one thousand two hundred dollars per annum." The board of supervisors has never created the position of chief deputy county clerk or provided compensation for such office.

Petitioner contends that it was the intention of the framers of the charter to make the office of chief deputy county clerk and recorder of Tehama County a special office, and that as such it would not be subject to change in any way except by a vote of the electors, amending the charter; that section 4266 of the Political Code, providing salaries for officers of counties of the class within which Tehama County falls, has been superseded by the charter and that therefore he is entitled to his salary under the charter provision; but that if it be held that petitioner is not legally entitled to his salary under the charter, then section 4266 of the Political Code must be applied, and that he would be entitled to his salary for November, 1920, under that section.

Respondent asserts: "Our claim is that in attempting to fix or limit the salaries of deputies directly by the charter and by not making any provision for the board of supervisors to so fix such salaries, the framers of the charter exceeded their authority and that so far as the charter purports to fix such salaries of deputies that portion of the charter is unconstitutional."

Respondent further states that "Since subdivision 5 provides for the fixing and regulation by the supervisors by ordinance of the appointment and number of assistants, deputies, etc., and for their qualifications and compensation, and the Tehama County charter contains no provision for such method of prescribing the compensation of the deputies in the several offices of the county of Tehama, we claim that the board of supervisors would be authorized to make the provision by ordinance for the number of deputies, their

qualifications and compensation by virtue of the constitution itself which can be read into the charter the same as if it had been made a part thereof by the framers of thé charter themselves.'' We do not think the charter can be thus interpreted, for it is not to be assumed that it would have been adopted by the voters had the additional provision, required by the constitution, been included. To add this provision would be to create a new and different charter.

Petitioner's contention that he occupies a special office of deputy county clerk and recorder cannot be maintained. The charter does not create such an office, nor provide compensation therefor. It does fix the salary of the county clerk *as* county clerk and recorder, and does provide that ''his chief deputy shall receive one thousand two hundred dollars per annum.'' It cannot be held that the charter by this provision has made petitioner's office a special one thereunder—one not within the mandate of the constitution. In providing the salary the charter only has reference to the office as a deputyship in the office of the county clerk. As such it is one of the positions contemplated by section 7½, article XI, of the constitution, for that provision concerns the appointment and regulation of deputies generally, and does not except chief deputies.

As pointed out, that section of the constitution requires that a charter adopted pursuant thereto *shall* provide for the fixing and regulation by ordinance of the board of supervisors of the manner of appointment or removal, the number, and the compensation of deputies. Petitioner's position being that of a deputyship in a county office, and such deputyship not being a special county office, it is to be governed by section 7½ of article XI of the constitution so far as the manner of appointment and compensation are concerned. Therefore, that portion of section 2 of article IV of the charter, prescribing the salary of the chief deputy, is inoperative, either as creating the office, prescribing the manner of appointment, or fixing the salary. Also, section 9 of article II of the charter, in so far as it denies to the board of supervisors the power to legislate concerning the offices of assistants and deputies, is not in conformity with section 7½ of article XI of the constitution, and is invalid. There is, therefore, no provision in the charter of Tehama County for the appointment and compensation of deputy county clerks.

It thus appears that the charter is not in conformity with the constitution, in this respect, inasmuch as it does not contain a provision which the constitution declares is essential. The question has been suggested whether this failure to observe the constitutional requirement does not render the charter entirely inoperative. In *Brooks* v. *Fischer*, 79 Cal. 173, 177, [4 L. R. A. 429, 21 Pac. 652] the court, in discussing the charter of the city of Los Angeles, said: "The further objection is, that the charter, if properly adopted, must be held to be invalid for the reason that it is in conflict with the general laws of the state.

"Under the provisions of the constitution, the charter to be framed for a city government must be 'consistent with and subject to the constitution and laws of this state.' It is contended by the petitioner that certain provisions of the charter are inconsistent with existing general laws, and particularly that it is in conflict with the general law with reference to the improvement of streets. It may be that certain of its provisions are inconsistent with present laws, and that so far it cannot be effective as against such laws, but this is a matter that it is unnecessary for us to determine. It is enough to say that the whole charter cannot be held to be invalid because of the fact that a few of its provisions may conflict with general statutes now in force." In *Winter* v. *De Shields* (Cal. App.), 189 Pac. 703, it was contended that the same charter of Tehama County under consideration in the case at bar was unconstitutional as a whole. Among the reasons assigned was that sections 5, 9, 10, and 11 of article II of the charter contravened subsections 4 and 5 of section 7½ of article XI of the constitution. The court, holding the charter as a whole to be valid, declared: "Without entering into an examination of the objections raised by the petitioner to the charter, it is sufficient to say that, even if these objections possessed merit, still, they would not render the whole charter of the county null and void and would have no bearing upon the question of the validity of the provision of the charter which fixes the salary of the assessor at the sum of two thousand dollars per annum.

[1] "The rule is well settled in California that, while a charter should be consistent with the constitution of the state, the whole charter cannot be declared null and void

because it may contain certain provisions that are inconsistent with the constitution of the state at the time of its adoption.'' **[2]** It follows that the charter does not become totally invalid because it failed to provide for the regulation of deputyships by the board of supervisors.

Respondent further states that ''No provision having been made by the Tehama County charter for the payment of the salary of the deputy county clerk, it might be determined that he would be entitled to his salary under the provisions · of section 4266 of the Political Code, which provides a salary of one thousand two hundred dollars per annum for a deputy county clerk.'' Section 7½ of article XI of the constitution provides that a charter upon its ratification by the legislature ''shall become the charter of such county and shall become the organic law thereof relative to the matters therein provided, . . . and shall supersede all laws inconsistent with such charter *relative to the matters provided in such charter,*'' and that ''Whenever any county has framed and adopted a charter, . . . the general laws . . . shall, as to such county, be superseded by said charter as to matters for which, under this section it is competent to make provision in such charter, *and for which provision is made therein,* except as herein otherwise expressly provided.'' (Italics ours.) These provisions contemplate that there may be a case where a charter will fail to provide for matters which it properly should cover, and the intention is clear that in such a situation the general law, which in such a case has not been superseded by the charter, shall govern. (See *Cline* v. *Lewis,* 175 Cal. 315, 316, [165 Pac. 915].) **[3]** Such a situation is presented here, and it follows that the general law on the subject of petitioner's appointment and compensation has not been superseded, but remains effective. The provision of the general law which is applicable to Tehama County in the absence of a charter provision is contained in section 4266 of the Political Code, which reads in part as follows: ''In counties of this class the county clerk may appoint a deputy, which office of deputy county clerk is hereby created, and said deputy shall receive as compensation for his services the sum of one thousand two hundred dollars per annum.'' Section 4024 of the Political Code provides: ''Every county, township, or district officer, except a supervisor or judicial officer, may appoint as many

deputies as may be necessary for the prompt and faithful discharge of the duties of his office. Such appointment must be made in writing, and filed in the office of the county clerk; and until such appointment is so made and filed, and until such deputy shall have taken the oath of office, no one shall be or act as such deputy.'' The petition in this case shows, as stated above, that the requirements of this section of the code have been complied with—that petitioner's appointment was in writing, that it was filed in the office of the county clerk, and that he has taken the oath of office. Consequently, he is entitled to receive his salary as deputy county clerk. However, he is to receive compensation under the provisions of section 4266 of the Political Code and not by virtue of the charter of Tehama County.

For the foregoing reasons it is ordered, adjudged, and decreed that a peremptory writ of mandate issue out of this court, directed to respondent auditor of Tehama County, commanding him to draw his warrant upon the treasurer of said county for the sum of one hundred dollars, in payment of petitioner's salary as chief deputy county clerk and recorder for the month of November, 1920.

Wilbur, J., Lennon, J., Sloane, J., and Shurtleff, J., concurred.

Angellotti, C. J., concurred in the judgment.

SHAW, J., Concurring.—I concur in the judgment, but for reasons somewhat different from those set forth in the opinion of Mr. Justice Lawlor.

The petitioner was appointed deputy county clerk of the county of Tehama by the clerk thereof. In the instrument of appointment he was named as "chief deputy." The word "chief," however, should be considered immaterial in considering the validity of his appointment as a deputy county clerk, if, as is contended, there is no office specifically designated as "chief deputy county clerk." He prays for a writ of mandate to compel the auditor to issue a warrant for his salary at the rate of one hundred dollars a month for services rendered as such deputy county clerk, the auditor having refused on demand to issue such warrant.

Tehama County is operated under a special charter framed and adopted in pursuance of section 7½, article XI, of the

187 Cal.—22

constitution. That section authorizes any county to frame a charter for its own government in the manner therein provided. It provides that when such charter is duly framed and approved by the legislature it "shall become the charter of such county and shall become the organic law thereof relative to the matters therein provided . . . and shall supersede all laws inconsistent with such charter relative to the matters provided in such charter."

Subdivision 4 of the portion thereof declaring what it shall be competent to insert in such charters is as follows: "For the powers and duties of the board of supervisors *and all other county officers,* for their removal and for the consolidation and segregation of county officers, and for the filling of all vacancies occurring therein; *provided,* that the provisions of such charter relating to the powers and duties of boards of supervisors *and all other county officers* shall be subject to and controlled by general laws."

This proviso is probably modified to some extent by a subsequent provision as follows: "Whenever any county has framed and adopted a charter, and the same shall have been approved by the legislature, as herein provided, the general laws adopted by the legislature in pursuance of sections four and five of this article, shall, as to such county, be superseded by said charter as to matters for which, under this section it is competent to make provision in such charter, and for which provision is made therein, except as herein otherwise expressly provided."

Sections 4 and 5 of this article referred to in the last quotation are the sections which authorize the legislature to establish a system of county governments and to provide by law for the appointment of the several county officers named in said section 5 and to prescribe their duties and regulate their compensation.

It will be seen from these provisions of section 7½ that the powers and duties of county officers in any county adopting a special charter under that section remain subject to and controlled by general laws respecting anything relating thereto concerning which the charter makes no provision. If, therefore, we find no valid provision in the charter with respect to the appointment and compensation of deputy county clerks, it would follow that the provisions of the general law regarding them would prevail. The

charter contains certain provisions on that subject with respect to county clerks. It provides that there shall be a county clerk and that he "shall be *ex-officio recorder.*" (Stats. 1917, p. 1883.) It further provides that his salary as clerk and recorder shall be two thousand four hundred dollars per annum and that "his chief deputy shall receive one thousand two hundred dollars per annum." (Art. IV, sec. 2, Stats. 1917, p. 1883.) It also provides in section 4 of article III that "each county officer shall have the powers and perform the duties now or hereafter prescribed by general law as to such officer, except as otherwise provided by this charter." Section 9, article II, of the charter, provides that "the supervisors shall appoint all county and district officers other than elective officers, their assistants and deputies, except as otherwise provided in this charter," and shall provide by ordinance for the terms of office and for the compensation of these appointive officers, "unless such terms of office are otherwise provided by law or by this charter." Inasmuch as the compensation of the chief deputy clerk was attempted to be provided for by the charter in article IV aforesaid, it follows that this last provision cannot be construed to authorize the supervisors to provide compensation for such chief deputy county clerk.

It is conceded by the parties hereto that the supervisors have never by ordinance or otherwise appointed or provided for the appointment of any deputies or fixed the compensation of any of them.

The provisions of section 7½ of article XI of the constitution above set forth, it is to be observed, do not authorize the legislature, or the county, by means of a freeholders' charter, to provide directly for the appointment of deputy county officers or for their compensation. On the contrary, that section prescribes in subdivision 5, as above shown, that the charter shall provide for the fixing and regulation by the board of supervisors by ordinance for such appointment and compensation. The matter is not to be fixed by the charter itself, but by ordinance adopted by the board of supervisors. It follows, therefore, that the charter contains no valid provision either for the appointment of the petitioner or other person as deputy county clerk, or for his compensation when appointed. Also, it follows from the fact that the charter contains no provision therefor, that

the provisions of the general law empowering the county clerk to appoint his own deputy and fixing the compensation of such deputy are not superseded by the charter, but remain in full force as if no charter had been adopted. The conclusion is therefore inevitable, since the general law allows the deputy county clerk a salary of one hundred dollars per month and since his appointment as chief deputy is in substance an appointment as deputy county clerk, that the petitioner is entitled to the salary demanded by him, and that the writ of mandate should issue as prayed for.