[S. F. No. 12277.  In Bank.—June 30, 1927.]

## WILLIAM H. NICHOLL, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

[1] MUNICIPAL CORPORATIONS — PUBLIC OFFICERS — ADULT PROBATION OFFICER—APPLICATION OF GENERAL LAW.—The city and county of San Francisco, not having accepted, as far as the position of adult probation officer is concerned, the benefits or powers conferred by section 8½ of article XI of the constitution, the general laws of the state have not been superseded as to that office and the provisions of the charter and an ordinance of said city and county providing a retirement system for public employees, elective officers, and officers appointed by the mayor, have no application to said position; nor does the fact that said city and county must pay the salary of such officer affect the question, as that duty is controlled by section 5 of article XI of the constitution.

[2] ID.—SECTION 7½, ARTICLE XI, CONSTITUTION—CONSTRUCTION.—Section 7½ of article XI of the constitution was designed to furnish to counties the same measure of authority conferred upon cities or cities and counties by section 8½ thereof.

(1) 15 C. J., p. 485, n. 70 New.   (2) 15 C. J., p. 485, n. 70 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

John J. O'Toole, City Attorney, and Walter A. Dold, Assistant City Attorney, for Appellant.

James M. Hanley for Respondent.

PRESTON, J.—This is an appeal on the judgment-roll by the City and County of San Francisco from a declaratory judgment to the effect that William H. Nicholl, the respondent, as adult probation officer of the said city and county,

---

1.  See 7 Cal. Jur. 418, 438; 18 Cal. Jur. 988.
2.  See 5 Cal. Jur. 587, 589; 7 Cal. Jur. 418.

is not subject to compulsory retirement from said office under the terms of article XVII, section 1, of the charter of said city and county, and ordinance number 5561 (new series), enacted to carry said charter provision into effect.

The said charter provision, in so far as here involved, is as follows: "The Board of Supervisors of the City and County are empowered under the conditions set forth herein, on the vote of fourteen members and the approval of the Mayor, to establish a retirement system and to provide for death benefits for public employees other than policemen and firemen, who are now members of a pension system, and elective officers and officers appointed by the Mayor."

There is no dispute that respondent is now and was at the time of commencement of this action over the age of seventy years, and that he is subject to retirement if the said charter provision applies to him. It is conceded by both appellant and respondent that the position held by respondent is a county office. (*Nicholl* v. *Koster,* 157 Cal. 416 [108 Pac. 302].)

Appellant insists, however, that a proper interpretation of said charter provision would bring the office of respondent under its terms and subject him to its rules of retirement, notwithstanding the word "employee" is used therein to designate him. This is so, it is said, because of the rule of *exceptio probat regulam de rebus non exceptis*—an exception proves a rule concerning things not excepted. This contention springs from the words of said above-quoted charter provision: "other than . . . elective officers and officers appointed by the Mayor." For, says appellant, why except certain county officers if all others are not included?

This argument is persuasive, but not conclusive, and the case of *O'Connell* v. *Retirement Board of the City of Boston et al.,* 254 Mass. 404 [150 N. E. 2], to the contrary, likewise is not conclusive. But this question need not be definitely solved, for upon different and broader grounds it must be held that neither the charter provision nor its attendant city and county ordinance have any application to the particular office held by respondent. This is true because said office is under the control of the general law, to wit: Section 1203 of the Penal Code. Such assertion is conceded by appellant, but it is insisted that inasmuch as the city and county pays the salary of said respondent he thereby, under

section 8½ of article XI, of the constitution, must be held to come within the terms of said charter provision. In this contention appellant is in error.

[1] The City and County of San Francisco has never accepted, in so far as respondent is concerned, the benefits or powers conferred by said section 8½ of article XI of the constitution. Admittedly the only connection the City and County of San Francisco has with respondent is that under the law it must pay his salary. But this duty exists independent of and is in nowise connected with said section 8½—it is controlled by section 5 of said article XI. This conclusion is made certain by holdings in various decisions of this court and the district court of appeal, some of which will now be considered. [2] Section 7½ of article XI was designed to furnish to counties the same measure of authority conferred upon cities or cities and counties by section 8½ thereof.

In *Gibson* v. *Civil Service Com.*, 27 Cal. App. 396 [150 Pac. 78], the provisions of said section 7½ and their bearing upon the position of probation officer were considered, and it was held that it is within the power of a county to adopt a charter provision under the authority of said section 7½ which will supersede section 1203 of the Penal Code upon said subject. In that behalf the court said: " . . . the full purpose and intent of the constitutional amendment (Section 7½, Article XI) is preserved and made effective by holding that the Charter provisions governing the removal of all officers superseded the direction of the general statute, known as the juvenile law (Penal Code, Section 1203) . . . "

In *Anderson* v. *Lewis*, 29 Cal. App. 24 [154 Pac. 287], considering the same position of probation officer, the district court of appeal reaffirmed the holding in the Gibson case, but said: "Our opinion is that, where the Board of Supervisors has failed or declined to exercise a right to legislate as to the manner of appointment of subordinate officers, the general laws of the State touching such matters should govern."

*Noel* v. *Lewis*, 35 Cal. App. 658 [170 Pac. 857], is only indirectly involved and throws no particular light upon the question at issue, but *Jones* v. *De Shields*, 187 Cal. 331, 336 [202 Pac. 137], is important. In that case the

county of Tehama undertook to invest itself with the power conferred upon it by said section 7½ of article XI, but the charter contained no provision for the fixing and regulation by the board of supervisors of the manner of appointment and removal or compensation of deputy county clerks as authorized by said section. In this situation it was held that the general law as to such office had not been superseded by the charter provision, respecting which the court said: "These provisions contemplate that there may be a case where a charter will fail to provide for matters which it properly should cover, and the intention is clear that in such a situation the general law, which in such a case has not been superseded by the charter, shall govern. (See *Cline* v. *Lewis,* 175 Cal. 315, 316 [165 Pac. 915].) Such a situation is presented here, and it follows that the general law on the subject of petitioner's appointment and compensation has not been superseded, but remains effective."

This case seems almost an exact parallel to the situation before us. Here it is admitted that the city and county has not availed itself of the power authorized to control the office in question by proposing and having ratified by the legislature a proper charter provision. This being true, the general law has not been superseded. It follows from this statement that no provision of said section 8½, respecting compensation or any other matter, is in operation respecting respondent's office because of the failure of the city and county to procure authority thereunder. In so far as the duty of the city and county to pay the salary of respondent is concerned, as above stated, that duty is referable to section 5 of article XI, as will abundantly appear from the following citations: *Jones* v. *De Shields, supra; Nicholl* v. *Koster, supra; Reed* v. *Hammond,* 18 Cal. App. 442 [123 Pac. 346]. It is also true that a county office may not be created in the absence of a proper charter provision authorizing the City and County of San Francisco to control said office. (*Logan* v. *Shields,* 190 Cal. 661 [214 Pac. 45].)

We agree with respondent that the disposition of every question essential to this appeal is found in *Nicholl* v. *Koster, supra,* and that said decision determines them in favor of respondent. That case was instituted by respondent himself and was decided in 1910, respondent apparently

having administered the duties of this office in said city and county for many years.

Section 1203 of the Penal Code makes no mention of age limit nor does it provide for compulsory retirement.

Judgment affirmed.

Curtis, J., Waste, C. J., Shenk, J., Langdon, J., and Seawell J., concurred.