[Civ. No. 5918. First Appellate District, Division One.—September 30, 1927.]

ROBERT E. PULLEN, Petitioner, v. E. F. GARRISON, as Auditor, etc., Respondent.

Snook & Snook & Chase for Petitioner.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, and Frank M. Ogden, Deputy District Attorney, for Respondent.

Everett W. Mattoon, County Counsel, and Homer I. Mitchell and R. C. McAllister, Deputies County Counsel, for Intervener, County of Los Angeles.

John L. Reith, *Amicus Curiae.*

CASHIN, J.—A proceeding in *mandamus* to compel respondent, as Auditor of the county of Alameda, to pay to petitioner compensation as a deputy sheriff of that county for the month of June, 1927.

It was stipulated by the parties that at the general election held on November 2, 1926, a charter was adopted for the county of Alameda, which charter was ratified and approved by the legislature on January 18, 1927.

That on the latter date and subsequent to the act of the legislature the board of supervisors of the county adopted two emergency ordinances, neither of which has been repealed, numbered 162 and 163, the first providing for a civil service for the county and the second for the number and compensation of deputies employed in the offices and institutions of the county.

That since January 19, 1927, Leon A. Clark, E. C. Lyon, and O. D. Hamlin have been and now are the appointed, qualified, and acting civil service commissioners of the

county and as such constitute the Civil Service Commission thereof.

That ever since January 3, 1927, B. F. Becker has been the duly elected, qualified, and acting sheriff of Alameda County; that on that date Robert E. Pullen, the petitioner herein, was appointed by the sheriff a deputy sheriff of the county and that he qualified and commenced his duties as such.

That on January 18, 1927, and subsequent to the ratification of the charter and the adoption for the above ordinances, the sheriff again appointed petitioner to the position of deputy sheriff and at the same time appointed seventeen other persons to like positions; that none of the persons so appointed had been an appointive officer or employee of the county or any subdivision thereof for six months prior to the taking effect of the charter; that the salary fixed for each of said eighteen positions was and is the sum of $180 per month, and that petitioner again on the last-mentioned date qualified as a deputy sheriff and has continued to perform the duties of the office.

That on April 16, 1927, the said Civil Service Commission prepared and held an open competitive examination in order to test the relative fitness of all applicants for appointment to the position of deputy sheriff; that petitioner applied for appointment to one of the positions and as such applicant and candidate participated in said examination; that the positions to which said examination pertained included the eighteen positions above mentioned; that of the number of applicants taking such examination ninety-five passed the examination with a rating of over seventy per cent; that the rating of petitioner was 78.18 per cent; that upon the grading of the ninety-five persons who passed the examination with a rating of over seventy per cent, commencing with the person who had the highest rating, followed by the remaining applicants in a uniformly descending scale of percentage, petitioner was the forty-fifth person appearing upon such list.

That on May 10, 1927, the Civil Service Commission created and adopted an eligible list for the said positions of deputy sheriff and that the name of petitioner appeared thereon; that on May 16, 1927, the Civil Service Commission certified to B. F. Becker, as sheriff, a list of twenty

names, to wit, the first twenty names appearing on said eligible list, as eligible to appointment to eighteen positions as deputy sheriff; that the name of petitioner did not appear on said list.

That the sheriff has never notified the Civil Service Commission that the eighteen positions are to be filled, and subsequent to January 18, 1927, has never appointed as deputy sheriff any of the twenty persons whose names appear on the list last mentioned, or re-appointed any of the eighteen persons appointed on January 18, 1927.

That since January 3, 1927, petitioner has continuously performed the duties of deputy sheriff in a manner satisfactory to the sheriff, has not been removed or discharged by any act of the latter, and has received from the county his salary in full to and including the month of May, 1927, but has received no salary or compensation for the month of June, 1927.

The charter was framed and adopted pursuant to section 7½ of article XI of the constitution, which provides "that it shall be competent in all charters framed under the authority given in this section, in addition to any other provisions allowable by this constitution, and the same shall provide for the following matters: . . . (4) For the powers and duties of boards of supervisors. . . . (5) For the fixing and regulation by boards of supervisors, by ordinance, of the appointment and number of assistants, deputies, clerks, attaches and other persons to be employed from time to time in the several offices of the county, and for the prescribing and regulating by such boards of the powers, duties, qualifications and compensation of such persons, the times at which, the terms for which they shall be appointed and the manner of their appointment and removal. . . . "

The section also provides that "All charters framed under the authority of this section, in addition to the matters herein above specified, may provide . . . for offices other than those required by the Constitution and laws of the state, or for the creation of any or all of such offices by boards of supervisors, for the manner of such appointment . . . ," and, further, "That whenever any county has framed and adopted a charter and the same shall have been approved by the legislature the general laws adopted by the legislature in pursuance of sections 4 and 5 of the

article shall as to such county be superseded by the charter as to matters for which under section 7½ it is competent to make provision and for which provision is made therein except as otherwise expressly provided.''

Section 11 of the charter provides: "That the board of supervisors shall have all the jurisdiction and powers which are now and which may be hereafter granted by the constitution and laws of the state of California or by this charter''; and by section 12 it is made the duty of the board of supervisors ''(b) To provide by ordinance for the compensation of elective and appointive officers, assistants, deputies, clerks, attaches and employees unless such compensation is otherwise fixed by this charter . . . (d) To provide by ordinance for the number of assistants, deputies, clerks, attaches and other persons to be employed from time to time in the several offices and institutions of the county, . . . and (e) To provide by ordinance for the creation of offices, boards and commissions otherwise than required by the Constitution and laws of the state, and for the appointment of persons to fill such offices, boards and commissions, and to prescribe their powers and duties and fix their compensation.''

The charter makes direct provision for a system of civil service, section 33 thereof providing in part as follows: ''There is hereby created a civil service commission consisting of three electors of the county. . . . The board of supervisors shall within two weeks after this charter takes effect appoint three electors of the county as members of the commission, to take office as soon as appointed and qualified.'' By section 15 the members of the commission are made appointive county officers. By section 35 the civil service of the county is divided into an unclassified and a classified service, in the latter class being placed the position of deputy sheriff to which the petitioner was appointed. It was made the duty of the commission to provide for the standardization and classification of all positions in the classified service, the classification to be based upon and graded according to the duties and responsibilities of such positions, and to prepare and hold competitive examinations in order to test the relative fitness of all applicants for appointment in the classified service (Charter, sec. 36).

It is provided by section 63 that each county officer shall appoint from the eligible civil service list, except as otherwise provided in the charter, for either permanent or temporary service, all deputies, clerks, etc., in the office or department of such officer; and by section 37 that whenever a position in the competitive classified civil service is to be filled the appointive authority shall notify the commission of that fact, and the commission shall certify the names and addresses of the three candidates standing highest on the eligible list for the class or grade to which such position belongs, and the appointing authority shall appoint to such position one of the three persons certified to him.

It is also provided by section 45 that "If any portion of this charter relating to civil service should be held to be unconstitutional the board of supervisors shall by ordinance provide for a civil service of the county, prescribe the duties ·of the civil service commission and such civil service rules and regulations as they shall deem proper to govern the appointment of any and all officers, assistants, deputies, clerks, attaches and other persons to be employed in the several offices and institutions of the county."

The board of supervisors by Ordinance No. 162 also provide for a complete system of civil service, the provisions of the charter relating thereto except section 45 being embodied therein. The ordinance also adopted the provisions of section 63 of the charter, and required that each county officer should appoint from the eligible civil service list except as therein provided, the exceptions being those of the charter, for either permanent or temporary service in the office or department of such officer, all deputies, etc., as the number is fixed by the board of supervisors; and, further, that each county officer might appoint any person without reference to the eligible list to fill a vacancy in the classified civil service in the office of such officer whenever no examination had ever been held for such position, or whenever there should be no eligible civil service list for such position, such appointee to serve until an eligible civil service list for such position should be created and an appointment made therefrom, but in no event to exceed twenty days after the creation of such eligible list.

Ordinance No. 163 fixed the number and compensation of the deputies in the several county offices, including that

of the sheriff, and provided that such deputies should hold their respective positions and be transferred, reduced, or discharged according to the provisions of the charter and the ordinance and rules adopted thereunder by the board of supervisors and the rules of the Civil Service Commission.

Petitioner claims that the provisions of the general law empowering the sheriff to appoint deputies and fixing their qualifications have not been superseded by the charter, but remain in full force and effect.

In support of this contention it is claimed that the charter contains no provision, as required by section 7½ of article XI of the constitution, for the fixing and regulation by the supervisors of the qualifications and manner of appointment of deputies; that the sections of the charter providing that their qualifications be determined in accordance with civil service rules and regulations, and that appointments be made from eligible lists created by the Civil Service Commission, are violative of the above section of the constitution, which, according to the contention of the petitioner, requires that such matters be fixed and regulated by ordinance and not by the charter; and, further, that if the board of supervisors were empowered to provide by ordinance for a system of civil service, as a condition to the exercise of the power, it was made essential by section 45 of the charter that the civil service provisions thereof should have been held unconstitutional.

It is held in *Jones* v. *De Shields*, 187 Cal. 231 [202 Pac. 137], that section 7½ of article XI of the constitution does not authorize the legislature, or a county by means of a charter, to provide directly for the appointment of deputies, but, as prescribed by subdivision 5 of the section, the charter must provide for the fixing and regulation of such appointments by the board of supervisors by ordinance; otherwise the general law is not superseded.

In the present case, however, while the charter does not in express terms provide for the fixing and regulation by the supervisors of the qualifications and manner of appointing deputies, section 11 thereof provides that the "board of supervisors shall have all the jurisdiction and powers which are now or which may be hereafter granted by the constitution . . . or by this charter"; and section 45 makes it the duty of the supervisors, in the event any portion of

the charter relating to civil service should be held unconstitutional, to provide by ordinance for a civil service for the county. The latter section prescribes the exercise of a power which is not only recognized as existing, but which by implication the section confers upon the supervisors. Moreover, the power is not limited by the section—only the duty to exercise it. These sections clearly manifest the intention to give the supervisors power to regulate appointments by ordinance, and were a sufficient compliance with the requirement that provision therefor be contained in the charter.

Having the power, that the supervisors might in its exercise adopt a system of civil service rules and regulations whereby the relative fitness of those seeking appointment could be determined and appointments made accordingly admits of no serious question.

As stated, section 33 of the charter creates a Civil Service Commission of three members, who were, as therein provided, appointed by the supervisors. The commission was created pursuant to the above section of the constitution, which authorizes a provision "for offices other than those required by the Constitution and laws of the state . . . ," and by subdivision (e) of section 12 of the charter it was also made the duty of the supervisors to provide by ordinance for the creation of offices, boards, and commissioners other than those required by the constitution and laws of the state, and to prescribe their duties and powers. Under this provision it was competent for the supervisors to provide, as was done by Ordinance No. 162, that it should be the duty of the commission to prepare rules and regulations and hold examinations for the purpose of determining the relative fitness of candidates for appointment; and, further, under their general power to regulate appointments, to provide that deputies should be appointed from the eligible list to be created by the commission.

Petitioner further contends that the provision of the charter—which was also adopted by the ordinance—that no standardization or classification of positions in the civil service as to salaries made by the commission should be final until approved by the supervisors in their annual appropriation ordinance, contemplated that the civil service provisions should not take effect until the passage of the

annual appropriation ordinance on the first Tuesday of September, 1927; and, further, that the ordinances, although adopted as emergency measures, did not take effect until thirty days after their passage. We find no merit in the first contention; and both ordinances took effect in any event before the examinations were held and the eligible list prepared, and, so far as appears, before civil service rules and regulations were adopted by the commission.

It is our conclusion that the ordinance providing for civil service was valid, and that its provisions relating to the method of appointing deputies superseded those of the general law. It will therefore be unnecessary to consider the question of the constitutionality of the civil service provisions of the charter. And it appearing that the appointment of petitioner under the provisions of the ordinance terminated twenty days after the eligible list was created by the Civil Service Commission, the writ prayed for is denied.

Tyler, P. J., and Knight, J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 28, 1927.