[Civ. No. 5017. Third Appellate District.—September 29, 1933.]

J. M. McPHERSON, Petitioner, v. LUCY A. RICHARDS, as County Auditor, etc., Respondent.

J. M. McPherson, *in pro. per.*, for Petitioner.

Bond & Price and George F. Jones for Respondent.

THOMPSON, J.—This is a petition for a writ of *mandamus* to compel the auditor of Butte County to draw a warrant in payment of the salary provided by law for the services of the assistant district attorney for the month of August, 1933.

The petitioner was appointed and qualified as assistant district attorney of Butte County, January 5, 1931, since which time he has performed the duties of that office. At the time of his appointment, his salary was fixed by the terms of a freeholders' charter of Butte County at $1950 per annum, payable in equal monthly installments. That charter was adopted pursuant to the provisions of article XI, section 7½, of the Constitution of California. (Stats. 1917, p. 1791.) The charter was amended in Statutes of 1923, page 1558, so that article III, section 3 thereof, provides that: "The board of supervisors shall once every four years, determine the number of deputies, assistants, clerks, and stenographers, except as herein otherwise expressly provided, for each and every county officer, and shall, at said time, fix the compensation of each and every deputy, assistant, clerk or stenographer."

In 1933 this charter was again amended so that article III, section 3, subdivision (k) thereof provides that: "The district attorney and *ex-officio* public administrator shall be allowed the sum of $1,200.00 per annum for the assistant's salary."

After the adoption of the last-mentioned amendment to the charter, the auditor refused to pay the petitioner more

than $100 per month for his services as assistant district attorney. The petitioner demanded the payment of his salary as provided by law for the month of August, 1933, which was refused. This petition for a writ of *mandamus* was then filed, to require the payment of the salary for that month.

The petitioner contends that the amendment to the Butte County Charter which is contained in article III, section 3 (k) thereof, purporting to fix the salary of the assistant district attorney at $1200 a year, is unconstitutional and void, for the reason that the board of supervisors failed to fix his compensation *by ordinance* as required by article XI, section 7½, subdivision 5 of the Constitution.

We are persuaded the last-mentioned amendment to the charter is unconstitutional and void. The board of supervisors failed to adopt an ordinance authorizing the appointment of an assistant district attorney and fixing his compensation. Article XI, section 7½, subdivision 5 of the Constitution makes it mandatory that this designation of assistant county officers and the fixing of their salaries shall be done by boards of supervisors by means of an ordinance. That section of the Constitution declares that a freeholders' charter ''shall provide for the following matters: . . . For the fixing and regulation by boards of supervisors, *by ordinance,* of the appointment and number of assistants, deputies, clerks, attaches and other persons to be employed, from time to time, in the several offices of the county, and for the prescribing and regulating by such boards of the powers, duties, qualifications *and compensation* of such persons, the times at which, and the terms for which they shall be appointed, and the manner of their appointment and removal.''

Regarding the necessity of the adoption of an ordinance by the board of supervisors authorizing the appointment of a deputy county officer and fixing his compensation, it is said in the concurring opinion of Mr. Justice Shaw, in the case of *Jones* v. *De Shields,* 187 Cal. 331, 339 [202 Pac. 137, 141]: ''The provisions of section 7½ of article XI of the Constitution above set forth, it is to be observed, do not authorize the legislature, or the county, by means of a freeholders' charter, to provide directly for the appointment of deputy county officers or for their compensation. On the

contrary, that section prescribes in subdivision 5, as above shown, that the charter shall provide for the fixing and regulation by the board of supervisors by ordinance for such appointment and compensation. The matter is not to be fixed by the charter itself, but by ordinance adopted by the board of supervisors. It follows, therefore, that the charter contains no valid provision either for the appointment of the petitioner or other person . . . , or for his compensation when appointed. Also, it follows from the fact that the charter contains no [valid] provision therefor, that the provisions of the general law empowering the county clerk to appoint his own deputy and fixing the compensation for such deputy are not superseded by the charter, but remain in full force as if no charter had been adopted.''

█ Instead of adopting an ordinance respecting the appointment and compensation of the assistant district attorney, as required by the Constitution, the board of supervisors of Butte County passed a resolution in the following language: ''It is moved by Supervisor White, seconded by Supervisor Meeker, that the following resolution be adopted: . . . Commencing January 5, 1931, . . . the county officers of the county of Butte, state of California, shall have and be allowed the following deputies, assistants, clerks and stenographers, whose compensation is hereby fixed and determined as follows, to-wit: District attorney. One assistant district attorney whose salary shall be nineteen hundred fifty ($1950.) dollars per annum.''

Subsequently, by the last amendment to the charter, as above related, his salary was fixed at $1200 per annum. The board has never passed an ordinance as required by the Constitution authorizing the appointment or fixing the compensation of the assistant district attorney. The only ordinance which was ever passed by the board with relation to that subject is numbered 333, chapter II, section 26 of which provides that, ''Officials of Butte county shall have such deputies, assistants, clerks and stenographers as may be allowed by the board of supervisors *by resolution* and the salaries thereof shall be as fixed by said board of supervisors *by resolution* as provided in section 3, article III of the county of Butte.''

This ordinance is insufficient to comply with the mandate of the Constitution. Clearly it contains a mere notice that

such deputy and assistant county officers will be authorized by the board as they may indicate by a resolution to be passed in the future. The same thing is true with respect to the fixing of their compensation. In other words, it is the resolution and not the ordinance which authorizes the appointment of specific deputies and fixes their salaries. This is clearly in contravention of the constitutional provision heretofore referred to which declares that the appointment of deputies and the fixing of their compensation shall be done by boards of supervisors "by ordinance". The ordinance above referred to and the resolutions of the board are ineffectual. The effort to perform this mandate of the Constitution by means of incorporating a provision with relation thereto in the charter, as well as by resolution of the board, is unconstitutional and void. ■ The resolution of a board of supervisors is ordinarily not equivalent to an ordinance. A resolution is usually a mere declaration with respect to future purpose or proceedings of the board. An ordinance is a local law which is adopted with all the legal formality of a statute. It is distinguished from mere current rules of procedure with respect to municipal affairs. In 2 McQuillin's Municipal Corporations, second edition, page 523, section 663, it is said in that regard, "As the terms are commonly used in charters, there is a distinction between an ordinance and a resolution. The corporation cannot accomplish by an order or resolution that which, under its charter, can be done only by an ordinance."

In support of this declaration of law, the case of *Pimental* v. *San Francisco,* 21 Cal. 351, is cited.

■ Since the provisions in the Butte County Charter and the resolutions of the board with respect to the appointment and compensation of a deputy district attorney are unconstitutional and void, the petitioner must rely upon the general law to legalize his appointment and to fix his compensation. In the absence of lawful action on the part of the board of supervisors, the general law is controlling with respect thereto. Section 4256 of the Political Code places Butte County in the twenty-seventh class of counties. Subdivision 8 of that section provides in part that, "The district attorney shall be allowed one deputy at a salary of two thousand five hundred twenty dollars per annum."

This is authority for the appointment of a deputy district attorney of Butte County, and for the fixing of his salary at $2,520 a year. This salary is payable monthly in twelve equal installments. The petitioner is therefore entitled, under the general law, to the sum of $210 as compensation for his services for the month of August, 1933.

It is ordered that a writ of mandate issue directing the respondent, as auditor of Butte County, to draw a warrant in favor of petitioner for the sum of $210 as compensation for his services as assistant district attorney for the month of August, 1933.

Pullen, P. J., and Plummer, J., concurred.