[Civ. No. 10329. Second Appellate District, Division One.—January 20, 1936.]

DANIEL S. SOREY, Appellant, v. THE BOARD OF SUPERVISORS OF LOS ANGELES COUNTY, etc., Respondent.

J. W. Falkner and J. Vincent Hannon for Appellant.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondent.

EDMONDS, J., *pro tem.*—By this proceeding petitioner seeks judicial determination that his salary as justice of the peace of El Monte Township should be at the rate fixed by an ordinance of the Board of Supervisors of Los Angeles County for townships having over 30,000 population. The trial court sustained, without leave to amend, a demurrer of the Board of Supervisors to his petition for a writ of mandate, and this appeal is prosecuted from the judgment subsequently entered.

Appellant was elected at the general election in 1934 for the term commencing January 7, 1935. The salary of the office as fixed by an ordinance of the Board of Supervisors effective January 1, 1935, is $175 per month. The ordinance, however, provides that in the event it shall be determined that any of certain townships, including El Monte, "shall have a population of 30,000 or more, either by the United States Census of 1930 or by judicial determination, other than by a justice court, or by the application of any method which may now or hereafter be provided by law for the determination of the population of said townships, then and in that event and commencing with the final and official proclamation or determination of the fact of the population of said townships under either or any of said methods for the determination thereof, the salary of the justice of the peace of any such township shall be $350 per month instead of the salary above specified". Appellant does not claim that the township had the required population of 30,000 by the census of 1930, or that there has been any other determination of its population. However, he alleges that on January 10, 1935, the township had a population in excess of 30,000. Upon such allegation he contends that the Board of Supervisors may be required by writ of mandate to determine the population. This determination must be made, according to appellant, either by computation as provided by section 110a of the Code of Civil Procedure, or by a census to be taken under the provisions of section 4055 of the Political Code.

The question of the jurisdiction of the Justice's Court of El Monte Township was before the Supreme Court in the case of *Shea* v. *Kerr,* 1 Cal. (2d) 604 [36 Pac. (2d) 189]. That case was a proceeding in *mandamus* to compel the registrar of voters of Los Angeles County to omit from the ballot to be used at the ensuing general election, the name of the appellant here as a candidate for justice of the peace of El Monte Township. It was claimed in that proceeding that El Monte Township had a population exceeding 30,000, and that appellant here, not being admitted to the practice of law, was ineligible for election to that office under the provisions of section 4185a of the Political Code and section 159a of the Code of Civil Procedure. The court said: "No determination of the population of El Monte township as heretofore made or as now constituted was made by this court prior to January 1, 1931, or at all. As stated, the 1930 federal census shows the population of the three townships now comprising El Monte township to be 26,634. This is the only authoritative determination of the population of said township and under it the justice's court therein is of class B. Any concession or stipulation of counsel as to actual population is of no controlling significance when, as here, jurisdiction of a court is involved and has been established in the manner provided by law."

Notwithstanding this decision, which was a determination of jurisdiction, appellant contends that the Board of Supervisors must determine the population of the township for salary purposes. Section 110a of the Code of Civil Procedure, applying only to Los Angeles County, is in part as follows: "For the purposes of this section, the population of the townships in counties of this class shall be ascertained by multiplying the number of registered voters at the last general election by three and one-half," or by taking the population of such townships as fixed by the last United States census, and the method of determination selected must be the method which will give the larger population to a given township. However, the Constitution provides that county charters shall provide: "3. For the number of justices of the peace and constables for each township . . . and for their compensation, or for the fixing of such compensation by boards of supervisors" (art. XI, sec. 7½). The Los Angeles County charter, pursuant to this authority, author-

izes the Board of Supervisors to fix the compensation of justices of the peace (art. V, sec. 19), and this authority has been exercised by the ordinance previously mentioned.

The Constitution also provides that a county charter upon its ratification by the legislature "shall become the charter of such county and shall become the organic law thereof relative to the matters therein provided . . . and shall supersede all laws inconsistent with such charter relative to the matters provided in such charter", and also, "whenever any county has framed and adopted a charter, and the same shall have been approved by the legislature as herein provided, the general laws adopted by the legislature in pursuance of sections 4 and 5 of this article, shall, as to such county, be superseded by said charter as to matters for which, under this section, it is competent to make provision in such charter, and for which provision is made therein . . . " (art. XI, sec. 7½). Under these provisions section 110a of the Code of Civil Procedure has no application to Los Angeles County. (*Jones* v. *De Shields*, 187 Cal. 331 [202 Pac. 137].)

This brings us to a consideration of section 4055, Political Code. That section provides: "The board of supervisors in years other than those in which a census is taken by the United States, may cause by ordinance, when necessary, a census of their respective counties, or any township or district therein to be taken." Appellant insists that having presented to the Board of Supervisors his verified petition alleging "that the population of the said El Monte Justice's Court Township is more than 30,000, as shown by the number of registered voters in the last General Election in November, 1934", the board may not refuse to have a census taken. The population of the township must be established as exceeding 30,000 before appellant is entitled to the salary of a justice of the peace of a class A township. He urges that the Board of Supervisors may not arbitrarily refuse to take such a census upon the showing made by him.

The allegation in the petition for a writ of mandate concerning the action of the Board of Supervisors is that it denied appellant's petition addressed to it "and refused and have ever since refused and still refuse to make an order or declaration determining the population of said El Monte Justice's Court Township as prescribed by section 3 of said ordinance No. 2547 (New Series) and in accordance with the

terms of section 110a of the Code of Civil Procedure of the State of California, or otherwise''. In the case of *Bank of Italy* v. *Johnson,* 200 Cal. 1 [251 Pac. 784], the court referred with approval to its previous decisions holding that when boards are by statute vested with discretion with respect to the exercise of their powers, courts will not interfere with that discretion ''in the absence of grave reasons tending to show that fraud, corruption, improper motives or influences, plain disregard of duty, gross abuse of power, or violation of law had entered into or characterized the determination of such body''. There is no allegation that the Board of Supervisors refused to have a census taken because of any improper motives or influences. For all that appears in appellant's petition, there may have been substantial evidence before the Board of Supervisors at the time of its consideration of the matter that the population of El Monte Township did not exceed 30,000, and that it had abundant reason for refusing to undertake a census with considerable expense to the people of the county. By the allegations and prayer of the petition, appellant is not seeking a writ to compel the board to act on his demand. He is attempting to secure action favorable to him. ■ The showing made is clearly insufficient and the demurrer was properly sustained, although leave should have been granted to amend. However, as the record shows no further application to the court for permission to amend after the order sustaining the demurrer (*Allen* v. *Stellar,* 106 Cal. App. 67 [288 Pac. 855]), the judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 17, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1936.