[Civ. No. 7645.   Third Dist.   June 1, 1950.]

JOSEPH HAFLIGER, Appellant, v. COUNTY OF SACRAMENTO et al., Respondents.

Busick & Busick for Appellant.

J. Francis O'Shea, District Attorney, William A. Green, Assistant District Attorney, and John B. Heinrich, Deputy District Attorney, for Respondents.

ADAMS, P. J.—On April 6, 1946, appellant Hafliger filed a complaint against the county of Sacramento and the members of its board of supervisors to recover salary balances which he claimed had been unpaid between July 1, 1936, and November 1, 1945. Said complaint was thereafter amended to allege that he had been employed by the county as a sheet metal worker five days each week, and as engineer at the county jail on Saturdays and Sundays, and that the salary paid him was below the prevailing wage rate paid for such services by private employers, in violation of section 63 of the county charter which provided that the board of supervisors should, by ordinance, provide for the payment of not less than the prevailing or general current rate of compensation or wages paid by private employers in the county of Sacramento for similar quality or quantity of service.

Plaintiff claimed a balance of $37.50 due from July 1, 1936, to and including June 30, 1937, for his services as a sheet metal worker, $63.37 due for the next following fiscal year, $94.08 due for the next fiscal year, $185.25 each for the next two fiscal years, $297 for the next fiscal year thereafter, and $396.75 and $114.75, respectively, for the next two fiscal years, up to June 30, 1944. In addition, he alleged that for his services as engineer at the jail he had balances due him for each fiscal year between July 1, 1936 and June 30, 1945, and from July 1, 1945, to October 31, 1945.

He also alleged that he had theretofore made demand upon the board of supervisors that by ordinance they provide for the payment to him of not less than the prevailing wages paid by private employers in the county of Sacramento for sheet metal work, but said board had not so provided, and would not so provide unless compelled to do so by writ of mandate or other appropriate writ. He prayed judgment for $6,897.91, with interest, and that the court issue a writ of mandate requiring the board to provide by ordinance for payment to him of not less than the prevailing wage, said ordinance to be made retroactive to cover the period of his employment as alleged.

Defendants, by demurrer, set up the failure of the amended complaint to state a cause of action. They also set up sections 338(1) and 339 of the Code of Civil Procedure and sections 4075-4078 of the Political Code as barring the action.

As to the amounts alleged to have accrued between July 1, 1936 and June 30, 1941, the court sustained the demurrer as beyond the one-year limitation imposed by section 4075 of

the Political Code, and as to all other claims beyond the three-year limitation imposed by section 338 (1) of the Code of Civil Procedure. The general demurrer was overruled, the special demurrer being sustained only as to the items more than three years old.

At the trial, after plaintiff's case was presented a motion for a nonsuit filed by defendants was granted. From the judgment which followed, this appeal was taken. Appellant filed an opening brief only, and the cause was submitted without argument.

We note first, that it is not alleged by plaintiff nor was there proof offered that plaintiff ever filed with the board of supervisors any written claim or claims for the amounts alleged to be due him. He admitted he did not. He contends that the provisions of the Political Code, sections 4075-4078, are not applicable because Article XI, section 7½, of the Constitution provides that a county charter supersedes the general laws and that the adoption of the charter of Sacramento County ruled out the requirements of section 4075 of the Political Code, which section provided:

"*Presentation of claims.* All claims against any county or against any public officer in his official capacity payable out of any public fund under the control of the board of supervisors, whether such claim be founded upon contract, express or implied, *or upon any act or omission of the county or any officer or employee thereof*, . . . shall be presented to the board of supervisors as herein provided before any suit may be brought on any such claim, and no suit shall be brought on any such claim until said claim has been presented as herein provided and rejected in whole or in part. In presenting any claim not founded upon contract full details as to the nature of the claim, the time and place when and where it arose, the public property and public officers or employees alleged to be at fault, the nature, extent and amount of the injury or damage claimed, and all other details necessary to a full consideration of the merit and legality of such claim shall be stated in writing signed by the claimant or someone authorized by him, and in all other respects such claims shall be presented and acted upon in the same manner as claims founded upon contracts." (Italics added.)

While article XI, section 7½, of the Constitution, generally speaking, does provide that a county charter supersedes general laws, it reads:

"Whenever any county has framed and adopted a charter,

and the same shall have been approved by the Legislature, as herein provided, the general laws adopted by the Legislature in pursuance of Sections 4 and 5 of this article, shall, as to such county, be superseded by said charter as to matters for which, under this section it is competent to make provision in such charter, *and for which provision is made therein,* except as herein otherwise expressly provided.'' (Italics added.)

Appellant has not pointed out any provisions of the charter of the county of Sacramento applicable to the filing of claims, or which can be said to supersede the provisions of section 4075 of the Political Code, and we find none.

In *Jones* v. *De Shields,* 187 Cal. 331, 336 [202 P. 137], cited and followed in *Nicholl* v. *San Francisco,* 201 Cal. 470, 474 [257 P. 501], it is said:

''Section 7½ of article XI of the constitution provides that a charter upon its ratification by the legislature 'shall become the charter of such county and shall become the organic law thereof relative to the matters therein provided, . . . and shall supersede all laws inconsistent with such charter *relative to the matters provided in such charter,'* and that 'Whenever any county has framed and adopted a charter, . . . the general laws . . . shall, as to such county be superseded by said charter as to matters for which, under this section it is competent to make provision in such charter, *and for which provision is made therein,* except as herein otherwise expressly provided.' (Italics ours.) These provisions contemplate that there may be a case where a charter will fail to provide for matters which it properly should cover, and the intention is clear that in such a situation the general law, which in such a case has not been superseded by the charter, shall govern. (See *Cline* v. *Lewis,* 175 Cal. 315, 316, [165 P. 915].)''

And it was held that sections 4266 and 4024 of the Political Code were applicable to the facts of the case, the charter being silent on the subject. In *Cline* v. *Lewis,* there cited, it was held that there being no provision in the charter of the county of Los Angeles determining the time when ordinances should take effect, or as to the subjects of initiative and referendum, such matters, under the constitutional provision, were controlled by the Political Code.

A similar holding was had in *Thompson* v. *County of Los Angeles,* 140 Cal.App. 73, 75 [35 P.2d 185], that the county charter containing no provision for the filing of claims before suit, for injuries sustained by reason of the defective or dan-

gerous condition of a highway, the general law applied, the court saying, at page 75 : "The provisions of the general law control as to matters on which the charter is silent (*Deupree* v. *Payne,* 197 Cal. 529 [241 P. 869] ; *Cline* v. *Lewis,* 175 Cal. 315 [165 P. 915] ), and this act must be construed and applied in connection with sections 4075 and 4078, inclusive, of the Political Code, which deal with the subject of claims against a county." In *Deupree* v. *Payne,* above cited, it was held that as the charter of the county of Los Angeles was silent as to the powers of the board of supervisors in the matter of the passage and adoption of emergency ordinances the county was governed in that respect by general law. Also see *Veterans' Welfare Board* v. *City of Oakland,* 74 Cal.App.2d 818, 827 [169 P.2d 1000].

In other cases, without mention of the absence of charter provisions, the general law has been followed, thus inferentially applying the rule of the foregoing case. See *Rhoda* v. *County of Alameda,* 134 Cal.App. 726, 734 [26 P.2d 691], holding that failure to file a claim under Political Code section 4075 was fatal to the action, and *Artukovich* v. *Astendorf,* 21 Cal.2d 329 [131 P.2d 831], applying section 4075 in an action against the county of Los Angeles, both counties previously having adopted charters.

From the record it is apparent that the trial court relied upon the general law as applicable, and that appellant neither pleaded nor proved that he had filed any claim with the county. Section 4075 required the filing by plaintiff of a claim before this suit was begun; and by his failure to do so he foreclosed his right to sue for any wages claimed. The judgment of nonsuit was therefore proper.

█ Regarding the prayer of plaintiff's complaint, that, by writ of mandate, the board of supervisors be ordered to provide by ordinance for the payment to plaintiff of not less than the prevailing or general current rate of compensation paid by private employers in Sacramento County to sheet metal workers for services similar to those performed by plaintiff, and that such ordinance be made retroactive to cover the period of plaintiff's employment as alleged, the record shows that the board had, before this action was filed, fixed the minimum wage at $13 per day, the amount plaintiff claimed was the prevailing wage scale at that time, and evidence to that effect was adduced by him. While that ordinance was not made retroactive, even if it would have been valid to do so, which

we need not decide, it could avail plaintiff nothing since he filed no claim with the board of supervisors. The writ was properly denied.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.