[Civ. No. 23584. Second Dist., Div. Two. Aug. 13, 1959.]

H. J. WILSON, Appellant, v. HAROLD J. OSTLY et al., Defendants; CLIFFORD N. AMSDEN et al., Respondents.

John J. Guerin and Lionel Richman for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Joel R. Bennett, Deputy County Counsel, for Respondents.

HERNDON, J.—This is the latest of a long series of cases in which appellant has attacked the legality of the employment of various Los Angeles County officers. The instant action is in the form of a taxpayer's suit for declaratory relief and to recover from respondent Amsden or respondent Lowery, the County Auditor, the sum of $33,255.46, the salary paid respondent Amsden for his services as secretary and chief

examiner of the Los Angeles County Civil Service Commission from May 17, 1950, to May 18, 1953.

The first cause of action attacks the validity of Amsden's appointment in 1932 and the actions of the civil service commission and respondent Lowery with respect to salary payments to Amsden thereafter. The second cause of action is a common count seeking recovery of the sum of $33,255.46, and is based on the facts alleged in the first cause of action.

The trial court, sitting without a jury, ruled in favor of respondent Amsden on all issues, and rendered judgment for defendants. The trial court made extensive findings of fact, which appellant has expressly accepted. Therefore, we may summarize briefly the factual situation from which appellant launches his attack on the judgment.

As appellant concedes, there was little dispute as to the probative facts. His position in the court below was that respondent Amsden was improperly paid his salary by respondent county because (a) Amsden's appointment as secretary and chief examiner in 1932 was illegal; (b) Amsden's salary was never "fixed" by respondent Civil Service Commission prior to January 7, 1949, pursuant to then section 31 of the Los Angeles County Charter; and (c) the payroll certification procedure followed by respondents commission and county auditor since 1945 under which Amsden was paid was improper.

Respondent Clifford N. Amsden was appointed to the position of Secretary and Chief Examiner of the Los Angeles County Civil Service Commission on July 5, 1932, and served in that position until his retirement on August 3, 1953. The position which respondent occupied was one of the higher positions in the classified civil service, and is specifically provided for in the Charter of the County of Los Angeles.[1] Amsden was appointed to the position in 1932 from an eligible list created from an open, competitive examination.

In 1932, at the time of Amsden's appointment the respondent civil service commission did not hold a promotional competitive examination, and from the results thereof create

[1]Section 31 of the Charter of the County of Los Angeles now provides: "Sec. 31. The Commission shall appoint a Chief Examiner, who shall also act as Secretary. This position shall be in the classified service. The Commission may appoint such other subordinates as may be necessary.".

At the time of Amsden's appointment in 1932 the charter provided: "The Commission shall appoint and fix the compensation of a Chief Examiner, who shall also act as Secretary. This position shall be in the competitive class."

a promotional eligible list although there were apparently two permanent civil service employees who would have been eligible for promotion at that time. Instead, the respondent commission held an open, competitive examination, and created therefrom an eligible list for the position of secretary and chief examiner on which were the names of thirteen people. Respondent Amsden was in the first position on this eligible list, followed by the two permanent civil service employees who were then eligible for promotion. In 1932 Amsden was not eligible to take a promotional competitive examination, and could not have earned a place on a promotional eligible list had one been prepared.

The Charter of the County of Los Angeles setting up a civil service system provides that "Whenever practicable vacancies shall be filled by promotion." (Charter of the County of Los Angeles, art. IX, § 34 (11).) And it was the duty of respondent civil service commission to first determine whether it was practicable to fill the position of secretary and chief examiner of said commission by promotional examination *before* the commission could properly hold an open competitive examination from which to prepare an eligibility list.

The trial court found that in 1932, before calling for an open, competitive examination for the position of secretary and chief examiner, the commission consulted with its secretary and chief examiner, and that there was discussion among members of the commission, which culminated in a determination that it was impracticable to fill the position in question by a promotional examination. The trial court found that the commission failed to denominate the proposed examination as a promotional examination in its minutes and from this inferred that the commission decided to hold an open, competitive examination for the position of secretary and chief examiner.

The trial court found that it was not the mandatory duty of the respondent commission to fix the compensation of its secretary and chief examiner following Amsden's appointment on July 5, 1932, notwithstanding the provisions of section 31 of article IX of the Charter of Los Angeles County which (until January 7, 1949) provided "The Commission shall appoint and fix the compensation of a Chief Examiner, who shall act as Secretary."

There were also findings to the effect that various increases

in the compensation received by Amsden subsequent to his appointment in 1932 were within the amount of the monthly salary fixed for his position, by implication rejecting appellant's contention that such pay increases constituted promotions within the provisions of article IX, section 34 (11) of the Charter of the County of Los Angeles, requiring the taking of a competitive examination.[2]

There were also extensive findings as to the manner in which the commission certified the county payrolls by which respondent Amsden was paid his salary from July 5, 1932, to his retirement in 1953. The findings and conclusions therefrom were necessitated by appellant's contentions with respect to the alleged invalidity of the payroll certification plan followed by the county of Los Angeles since 1945. The recent decision in *Wilson* v. *Sharp*, 166 Cal.App.2d 766 [334 P.2d 25], (Petition for hearing denied) determined that contention adversely to appellant. Although appellant cites *Wilson* v. *Sharp, supra,* he has wholly failed to indicate how "that decision is inapplicable here on the facts." And this particular issue would appear to be res judicata, since the issue was identical and there is substantial identity of parties. (*Servente* v. *Murray,* 10 Cal.App.2d 355, 361 [52 P.2d 270]; *cf. French* v. *Rishell,* 40 Cal.2d 477, 479 [254 P.2d 26]; see 3 Witkin, California Procedure, 1955, § 67.)

Thus, we need not discuss this aspect of the case except to observe that the decision in *Wilson* v. *Sharp, supra,* holds that the payroll certification procedure employed by respondent county fully complied with the requirements of article IX, section 38 of the Charter of the County of Los Angeles.

 On this appeal, appellant's basic contention is that respondent Amsden's appointment in 1932 was improper and void. It is appellant's theory that the respondent commission was under a duty to conduct a *promotional* examination for the position of secretary and chief examiner in 1932 because there were two permanent civil service employees eligible for promotion to that position at that time. Citing *Allen* v.

[2] 'For promotion based on competitive examination consisting of an evaluation of records of efficiency, character, and seniority and such other objective and subjective tests and measures of fitness as may be necessary. Lists shall be created and appointments shall be made therefrom in the same manner as from lists established for original appointment. An advancement in rank or an increase in salary beyond the limit fixed for the grade by the rules shall constitute promotion. Whenever practicable vacancies shall be filled by promotion.''

*McKinley,* 18 Cal.2d 697, 705-708 [117 P.2d 342], appellant argues that if there are qualified permanent civil service employees with promotional rights and it is *possible* to fill a vacancy by promotion, then, as a matter of law, it is *practicable* to fill such vacancy by promotion within the terms of article IX, section 34 (11). Thus, appellant argues that since there were two permanent employees eligible in 1932 for promotion to the position of secretary and chief examiner, it is conclusivly established that it was practicable to fill the vacancy by promotion, and therefore respondent Amsden's appointment was improper and void.

Appellant's reliance on *Allen* v. *McKinley, supra,* 18 Cal. 2d 697, 705, is misplaced. In that case plaintiffs, 18 civil service employees eligible to take a promotional examination for a classified position, instituted suit for a writ of mandamus commanding the commission to hold a promotional examination, instead of an open competitive examination from which the eligible list was to be drawn. In affirming the judgment directing the issuance of the writ, the Supreme Court said: ''The Commission has wide discretionary powers in many of its fields of operation. However, such commissions have only such powers as are conferred upon them. When they exceed or abuse their powers it is not only within the power, but it is the duty of the judicial branch of the government to prevent such excess or abuse upon the petition of those adversely affected. Here the people of the City and County of San Francisco have seen fit to insert in section 146 of the charter, *supra,* a provision requiring the Commission 'Whenever it deems it to be practicable' to give promotional and not open examinations. This provision embodies one of the fundamental concepts of a sound civil service system. All authorities agree that promotions are an essential of a sound civil service system. The purpose of civil service is twofold—to abolish the so-called spoils system, and to increase the efficiency of the service by assuring the employees of continuance in office regardless of what party may then be in power. Efficiency is secured by the knowledge on the part of the employee that promotion to higher positions when vacancies occur will be the reward of faithful and honest service. Provisions such as section 146 of the charter, that promotional examinations shall be held when practicable, are intended to promote efficiency among public employees. (*People* v. *Errant,* 229 Ill. 56 [82 N.E. 271] ; *Ptacek* v. *People,* 194 Ill.

125. [62 N.E. 530].) Its provisions are mandatory, and must be complied with.

"Section 146 of the charter, *supra*, constitutes a limitation on the discretion of the Commission. Where it is practicable to hold a promotional examination, such examination must be given. In determining whether it is practicable to give such an examination the Commission has not an uncontrolled discretion. If such an examination is not to be given, a valid reason why not, must exist. When the Commission's action is challenged, and the petitioner produces a *prima facie* case that a promotional examination is practicable, the burden is on the Commission to justify its action. . . . Under the provisions of section 146 of the charter, *supra*, promotional examinations, except for those in the lowest ranks, are required to be held unless they are not 'practicable.' In determining that fact the Commission does not possess unlimited discretion. There are doubtless many situations where it would be impracticable to give a promotional examination, and where the Commission could determine that an open examination was proper. But the facts of the instant case demonstrate that this case does not fall within that category."

As indicated above, the opinion in *Allen* v. *McKinley, supra,* recognizes that there may be situations in which a promotional examination would be impracticable, and where the commission could justifiably determine that an open examination for a classified position was proper. The facts presented in the instant case reflect just such a situation. The Charter of the County of Los Angeles requires that "[w]henever practicable vacancies shall be filled by promotion."[3] However, the charter also embodies the traditional civil service "rule of three" whereby the appointing officer is entitled to choose from one of the *three* persons standing highest on an eligibility list.[4]

The basic fallacy of appellant's argument lies in his failure to recognize the substantial difference in meaning between the words "practicable" and "possible." (*Cf.*, VII Oxford English Dictionary, 1158 *with* VIII Oxford English Dictionary, 1218.) The charter does not require that vacancies be filled by

---

[3] Los Angeles County Charter, art. IX, § 34 [11].

[4] "The Commission shall prescribe, amend and enforce rules for the classified service, which shall have the force and effect of law; . . . The rules shall provide: . . . (6) For the appointment of one of the three persons standing highest on the appropriate list." (Los Angeles County Charter, art. IX, § 34.)

promotion when *possible,* i.e. if there is a permanent civil service employee with promotional rights eligible to fill the position. The charter imposes quite a different requirement— that vacancies be filled by promotion when *practicable.* ■ By this express language of the charter the respondent commission is vested with a discretion to consider the advisability of creating an eligibility list from the results of an open, competitive examination in which the permanent civil service employee with promotional rights may also compete. (*Cf. Allen* v. *McKinley, supra.*)

■ Obviously, if the appointing authority is entitled to have three names from which to choose a person for appointment to a higher position, the fact that there are only two people with promotional rights would justify a determination by the commission that it was not practicable to hold closed promotional examination to establish the eligibility list. Such list necessarily would be inadequate, because it would not give a sufficient choice to the appointing authority. (See 62 C.J.S. 905, § 469.)

*Allen* v. *McKinley, supra,* is distinguishable on its facts. In the first place, the San Francisco Charter involved in that case did not utilize the "rule of three" as does the Los Angeles Charter presently before us. Instead the San Francisco Charter embodied a "rule of one" which required the commission to submit the name of the *one* person heading the eligibility list to the appointing authority.[5] In the second place, in that case there were 18 employees who were eligible to take a promotional examination for the position in question. The cases from other jurisdictions cited in *Allen* v. *McKinley, supra,* involved similar factual situations.

■ Appellant does not contend that the trial court's finding that the commission consulted its secretary and chief examiner and discussed the question of an open, competitive examination is unsupported by the evidence. Instead, appellant complains that nowhere in the minutes of the civil service commission is there an express statement that the commission found that a promotional examination for secretary and chief

[5]"Whenever a position controlled by the civil service provisions of this charter is to be filled, the appointing officer shall make a requisition to the civil service commission for a person to fill it. Thereupon the commission shall certify to the appointing officer the name and address of *the person* standing highest on the list of eligibles for such position. In case the position is promotive, the commission shall certify the name of the person standing highest on such list. . . ." (Emphasis added.) (See Stats. 1931, ch. 56, p. 3064.)

examiner in 1932 was impracticable. However, there is evidence in the record that the practice at the time was that all examinations ordered by the commission were open and competitive unless otherwise specified. Such a practice was not contrary to the provisions of the charter.

■ Where no particular method of action is prescribed by a charter requirement, any form or procedure by the public body will constitute substantial compliance with the charter if the result of such action appears in the record of proceedings in some permanent written form. (See 4 McQuillan, Municipal Corporations, 527-528, § 13.43; 62 C.J.S. 1375-1376, § 690.) It can be presumed that official duty has been regularly performed (Code Civ. Proc., § 1963, subd. 15) and that the law has been obeyed (Code Civ. Proc., § 1963, subd. 33).

■ From the record before it, the trial court could reasonably conclude that the commission determined the impracticability of a promotional examination before calling for an open, competitive examination.

■ It is undisputed that from time to time during the period from 1932 to 1953 respondent Amsden, like numerous other county employees, received various salary increases while he was performing the duties of secretary and chief examiner. From this appellant argues that Amsden received a series of promotions within the meaning of Los Angeles County Charter, section 34 (11), for which he never took the required competitive examinations. Appellant's argument on this point must be rejected. It is obvious that the framers of the charter did not intend that civil servants would have to take an examination each time they received a salary adjustment or increase so long as they were performing the same duties and functions. Thus, the trial court's conclusion that the salary increases which Amsden received during the period of his employment as secretary and chief examiner did not constitute "promotions" within the meaning of section 34 (11) was abundantly justified.

■ Finally, appellant contends that the respondent commission failed to "fix" the salary of respondent Amsden from July 5, 1932, to January 7, 1949. During this period the relevant portion of section 31 of the charter of the county read as follows: "The Commission shall appoint and fix the compensation of a Chief Examiner, who shall also act as Secretary. This position shall be in the competitive class."

In 1949 this section was amended to delete the requirement that the commission "fix" the compensation of the secretary

and chief examiner and section 31 now reads as follows: "The Commission shall appoint a Chief Examiner, who shall also act as Secretary. This position shall be in the classified service. The Commission may appoint such other subordinates as may be necessary."

The trial court held invalid and void the provision in former section 31 above quoted which purported to require the civil service commission to fix the salary and compensation of the secretary and chief examiner for the reason that said provision violated article XI, section $7\frac{1}{2}$ of the Constitution of the State of California. That section of the Constitution[6] confers upon the board of supervisors the power to prescribe and regulate the compensation of county employees. It has been held that such power, delegated to the board of supervisors by the Constitution, cannot be taken away from the board by contrary charter provisions. (*McPherson* v. *Richards*, 134 Cal.App. 462, 464 [25 P.2d 534] ; *Morton* v. *Richards*, 134 Cal.App. 665, 667 [26 P.2d 320] ; cf. *Jones* v. *De Shields*, 187 Cal. 331 [202 P. 137].) Since the power to prescribe compensation of county employees is vested exclusively in the board of supervisors by virtue of section $7\frac{1}{2}$ (5) of article XI of the Constitution, the trial court was correct in holding invalid the provisions of former section 31 of the county charter purporting to vest that power in the commission. Manifestly, therefore, any failure of respondent commission to "fix" Amsden's salary could have had no effect upon his status or his right to receive the compensation set by competent authority.

We find no tenable basis for any of the grounds upon which appellant seeks to attack the judgment under review. The essential findings of fact are unchallenged and no error of law has been shown. Our rejection of appellant's contentions renders it unnecessary for us to discuss or decide the several

---

[6]"Any county may frame a charter for its own government consistent with and subject to the Constitution . . . and relating to matters authorized by provisions of the Constitution . . . It shall be competent, in all charters, framed under the authority given by this section to provide . . . and the same shall provide, for the following matters:

"1. For boards of supervisors and for the constitution, regulation and government thereof, . . .

"5. For the fixing and regulation by boards of supervisors, by ordinance, of the appointment and number of assistants, deputies, clerks, attaches and other persons to be employed, from time to time, in the several offices of the county, and for the prescribing and regulating by such boards of the powers, duties, qualifications and compensation of such persons, the times at which, and terms for which they shall be appointed, and the manner of their appointment and removal; . . ."

additional propositions of law which respondents have persuasively advanced as being independently sufficient to require an affirmance: (1) that even assuming the illegality of respondent Amsden's status, there could be no recovery because salary paid to a de facto public official cannot be recovered where such official has in good faith rendered the services for which he was paid; (2) that the action is barred by laches and limitations; (3) that appellant's complaint was fatally defective in failing to allege a prior demand on the board of supervisors to seek the recovery here sought; and (4) that the instant suit is in essence a suit to try title to a public office, and that the exclusive remedy by which to determine such issue is quo warranto which may be instituted only with the authorization of the attorney general pursuant to section 803 of the Code of Civil Procedure.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied September 10, 1959, and appellant's petition for a hearing by the Supreme Court was denied October 7, 1959.