[Civ. No. 46818. First Dist., Div. Four. Mar. 19, 1981.]

BERKELEY POLICE ASSOCIATION et al.,
Plaintiffs and Appellants, v.
CITY OF BERKELEY et al., Defendants and Respondents.

COUNSEL

Christopher D. Burdick, David Handshen and Carroll, Burdick & McDonough for Plaintiffs and Appellants.

Natalie E. West, City Attorney, Theodore R. Lakey, Acting City Attorney, and Charles O. Triebel, Jr., for Defendants and Respondents.

OPINION

**CHRISTIAN, J.**—The Berkeley Police Association and six of its members appeal from a judgment determining that the City of Berkeley may lawfully make appointments to the position of police inspector through an open examination rather than through a closed examination limited to eligible existing employees of the city. The appeal is on the judgment roll. (Cal. Rules of Court, rule 5(f).)

Establishment of a personnel board with power "to administer a personnel system under rules and regulations to be made by the [City] Council" is authorized by section 119 of the Charter of the City of Berkeley.[1] The city council has adopted Personnel Rules and Regula-

---

[1]Charter of the City of Berkeley, article XVI, section 119: "The City Council shall have the power to establish a Personnel Board and to appoint the members thereof to serve without compensation, to administer a personnel system under rules and regula-

tions.[2] Subject to conformity with the civil service system thus created, the power "to appoint, discipline or remove all officers and employees of the City" is vested in the city manager. (Charter, art. VII, § 28.)

■ Appellants contend that the personnel rules adopted by the city council require that when appointment is to be made to a position that is at a rank higher than the entry level, a promotional examination be given to all qualified existing employees and that an open examination is permitted only if the preliminary closed examination establishes that a sufficient number of qualified candidates cannot be found among existing employees. This contention cannot be sustained. The rules do provide for filling vacancies by promotion from within the competitive service "[i]nsofar as practicable and consistent with the best interests of the service" but "[i]f, in the opinion of the City Manager, the best interests of the service can be served by an open competitive examination instead of a closed, promotional examination . . . the City Manager may instruct the Director of Personnel to call for applications for the vacancy and arrange for an open, competitive examination. . . ." (Rule XIV, § 2.)

In its memorandum of decision, the trial court pointed out that although the rule expresses a preference for promotion from within the service the construction advanced by appellants would "give no meaning to the language conferring discretion on the City Manager." The trial court's construction of the regulations is correct.

Appellants contend that the provision in rule XIV, section 2, permitting the city manager to order an open examination is in conflict with rule VI, section 5,[3] governing promotional examinations. There is no

tions to be made by the Council. Such Board shall, among other things, provide for the classification of all employments in the administrative service of the City not excepted by the provisions of this Charter, by the Council, or by the people, for open, competitive and free examinations as to fitness, for an eligible list from which vacancies shall be filled for a period of probation before employment is made permanent, and for promotion on the basis of merit, experience and record."

[2]Resolution No. 34,480-N.S.

[3]Resolution No. 34,480-N.S. Rule VI, section 5: "PROMOTIONAL EXAMINATIONS: As the needs of the service may require, promotional examinations may be conducted from time to time and may consist of evaluation of prior service, accomplishments in special training courses; examinations, tests, and evaluations as indicated in Section 1 of this rule; and such other factors as may appear necessary and desirable. All candidates for promotion must be permanent employees in the competitive service and must possess the minimum qualifications as set forth in the specifications of the class to which promotion is sought."

conflict; rule VI, section 5, merely governs the giving of a promotional examination when there is to be such an examination, i.e., when the city manager has not ordered an open examination under rule XIV, section 2, upon determining that "the best interests of the service" so require.

*Rhodehamel* v. *Civil Service Bd.* (1941) 18 Cal.2d 709 [117 P.2d 349], and *Allen* v. *McKinley* (1941) 18 Cal.2d 697, [117 P.2d 342], relied upon by appellants, are readily to be distinguished. Those cases involved provisions of the San Francisco City Charter which compel closed promotional examinations "whenever practicable" without any proviso authorizing an official such as the city manager to determine that an open examination should be ordered to promote "the best interest of the service." There is no showing that in the present case the city manager acted corruptly or arbitrarily. Therefore, his exercise of discretion is not to be overturned by the courts. (*Pitts* v. *Perluss* (1962) 58 Cal.2d 824 [27 Cal.Rptr. 19, 377 P.2d 83].)

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 13, 1981.