[No. B059289. Second Dist., Div. Four. Apr. 15, 1993.]

DAVID SHARP, Plaintiff and Appellant, v.
CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY et al.,
Defendants and Respondents.

COUNSEL

Wohlner, Kaplon, Phillips, Vogel & Young and Robert D. Vogel for Plaintiff and Appellant.

Leland C. Dolley, City Attorney, Burke, Williams & Sorenson, Virginia R. Pesola and M. Lois Bobak for Defendants and Respondents.

OPINION

HOFFMAN, J.*—Petitioner and appellant David Sharp (Sharp) appeals from the judgment of the court below denying his petition for writ of mandate in which he sought to set aside the action of respondent, the Los Angeles County Civil Service Commission (the Commission), in adopting the findings and conclusions of a hearing officer it appointed to hear Sharp's grievance or, alternatively, to compel respondent, the City of El Segundo (the City), to explain or substantiate its selection of another person to fill the vacant fire department battalion chief vacancy. We affirm the judgment.

### STATEMENT OF THE CASE

In the fall of 1989, the City announced a vacancy in the City's fire department for the position of battalion chief. Fire department personnel are

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.

within the City's classified service and the recruitment, employment and promotion of such personnel is governed by the personnel merit system adopted by City Ordinance No. 586.

Pursuant to section 9(A) of ordinance No. 586, the City held a competitive promotional examination for the vacant battalion chief position. Three candidates, including Captain Eric Moore (Moore) and Sharp, applied for the examination. Moore and Sharp successfully completed the examination and were placed on an eligibility list certified by the City's personnel department. Sharp received a score of 88 on the competitive examination, and Moore received a score of 84. The City's fire chief interviewed both Sharp and Moore and recommended to the city manager that Moore be appointed to the vacant battalion chief position. The city manager accepted the fire chief's recommendation and appointed Moore to fill the vacancy.

On November 25, 1989, Sharp filed a grievance with the City, alleging that, since he was the highest ranked candidate, he should have been promoted to the vacant battalion chief position. Sharp also alleged in a separate letter that he was entitled to justification regarding the City's selection. The City denied Sharp's grievance, finding that all relevant personnel rules and regulations were followed during the process to fill the vacancy, and that there is no requirement that the City disclose the basis for selecting one candidate over another on the certified list of eligible candidates.

Thereafter, Sharp appealed the denial of his grievance to the Commission. On April 3, 1990, the parties were advised that Mr. Stephen B. Grant (Mr. Grant) was appointed by the Commission to act as the hearing officer for Sharp's appeal. The City and Sharp stipulated that the only issue to be determined by Mr. Grant was: "Whether the appointing authority of the City of El Segundo, has an obligation under Ordinance 586, section 9, as codified under section 2.28.120 of the City's Municipal Code, to explain or substantiate the selection of one eligible candidate over another, from a certified eligibility list, for a promotion to a vacant position in the classified service."

After considering the documentary evidence and legal authority presented, Mr. Grant found the City's regulations do not require, either expressly or by implication, an explanation or other substantiation concerning the reasons for selecting a candidate from an eligibility list.

Sharp appealed to the Commission. On August 1, 1990, the Commission reviewed and adopted Mr. Grant's findings and conclusions and denied Sharp's appeal.

On October 26, 1990, Sharp filed a petition for writ of mandate in the superior court seeking to set aside the Commission's action or, alternatively, to compel the City to explain or substantiate its selection of Moore to fill the battalion chief vacancy. Following a hearing on April 26, 1991, the writ was denied.

## CONTENTIONS

I.   The hearing officer erred in concluding that section 9(A) of the City's personnel regulations does not require an explanation to a candidate who scored the highest on a competitive examination when another is chosen instead for promotion.

II.   Because the hearing officer improperly addressed and decided issues the City and Sharp reserved for later determination, his decision is null and void.

## DISCUSSION

### I.   *The City's Personnel Regulations Do Not Require an Explanation to an Unsuccessful Candidate for Promotion.*

Sharp concedes in his appellant's opening brief that "although merit and fitness are to be ascertained insofar as practicable by competitive examination, the City is not obligated to select the individual who scores the highest on the competitive examination for the promotion." ▇  Sharp argues, however, that when the highest scoring candidate is not chosen, the City must demonstrate it did not abuse its discretion in making the appointment by explaining or substantiating its decision. We disagree.

Public employment in California is held by statute, not contract. (*Kemmerer* v. *County of Fresno* (1988) 200 Cal.App.3d 1426, 1432 [246 Cal.Rptr. 609].) Thus, the question whether Sharp was entitled to an explanation from the City regarding its decision to appoint Moore, rather than Sharp, to the vacant battalion chief position, must be examined in light of the City's merit or civil service rules.

Section 9(A) of the City's personnel merit system provides that: "Appointments and promotions to vacant positions in the Classified Service shall be based on merit and fitness to be ascertained insofar as practicable by competitive examination. Appointments and promotions shall be made by the City Manager upon recommendation of the various Department Heads."

Section 9(B) provides that: "When appointments and promotions are to be made to vacancies in the Classified Service, the names of the highest eligible

persons willing to accept appointment shall be transmitted by the Personnel Officer to the Department Head in the order in which they appear on the list as follows: For one vacancy the names of three (3), . . . and appointment shall be limited to *any* of these eligible persons." (Italics added.)

These regulations establish the classic "rule of three" which permits the appointing authority to choose any one of the top three candidates from a certified eligibility list to fill a civil service vacancy. (See *Wilson* v. *Ostly* (1959) 173 Cal.App.2d 78, 84 [343 P.2d 349].) As long as individuals on an eligibility list are found by their superiors to be of equal ability, the appointing authority has a "clear right" to choose from among those on the list without respect to their ranking. (Cf. *Dawn* v. *State Personnel Board* (1979) 91 Cal.App.3d 588, 591-592 [154 Cal.Rptr. 186].)

In *Dawn* v. *State Personnel Board, supra,* 91 Cal.App.3d 588, a male candidate, who ranked third on an eligibility list created by a promotional examination, challenged the appointment of a female candidate ranked sixth on the eligibility list, alleging that the appointment was discriminatory. The court, in upholding the appointment, explained that choosing one candidate over another does not deny to those not chosen any right to advance on the basis of merit and ability. (*Id.* at p. 592.) The court did not state or imply that, in exercising its discretion to fill a vacancy from an eligibility list, the appointing authority is required to justify or explain its choice.

In arguing that, as a matter of law, the regulations require an explanation be given an unsuccessful candidate for promotion, Sharp cites *Allen* v. *McKinley* (1941) 18 Cal.2d 697 [117 P.2d 342]; *Rhodehamel* v. *Civil Service Board* (1941) 18 Cal.2d 709 [117 P.2d 349]; *Berkeley Police Assn.* v. *City of Berkeley* (1981) 117 Cal.App.3d 109 [172 Cal.Rptr. 466]; and *Wilson* v. *Ostly, supra,* 173 Cal.App.2d 78. In each of the cited cases, the issue was whether and under what circumstances an appointing authority could hold "open," rather than promotional, examinations to fill a vacancy in the civil service when the relevant civil service regulations provided that such vacancies should be filled by promotion "insofar as practicable." None of these cases supports Sharp's argument.

While in the instant case, section 9(A) of the City's personnel regulations provides that "[a]ppointments and promotions to vacant positions in the Classified Service shall be based on merit and fitness to be ascertained *insofar as practicable* by competitive examination" the regulations do not end there. (Italics added.) Section 9(B) provides that, when there is one vacancy, the names of the three highest eligible persons must be sent by the personnel officer to the department head and that the appointment must be

limited to a selection from "*any* of these eligible persons." (Italics added.) When the "insofar as practicable" language of section 9(A) is read in conjunction with section 9(B), the regulation clearly gives discretion to the appointing authority to promote any one of the top three candidates to an existing vacancy.

As the hearing officer observed, if we were to accept Sharp's interpretation of section 9, the regulation would be the "rule of one," rather than the "rule of three," as it has come to be known in civil service parlance. (See *Wilson* v. *Ostly, supra,* 173 Cal.App.2d at p. 85.) Sharp has not cited this court to any authority, and we have found none, from which we can conclude that when, as here, an appointment is made in conformity with this "rule of three," it must be explained or substantiated.

Sharp proffered no evidence that the city manager acted corruptly or arbitrarily in selecting Moore instead of Sharp. Mr. Grant expressly stated there was no evidence of a conflict of interest or other improper "taints" on the selection process giving rise to an abuse of discretion. Absent such showing, the discretion exercised by the appointing authority must be upheld. (Cf. *Berkeley Police Assn.* v. *City of Berkeley, supra,* 117 Cal.App.3d at p. 112.)

II. *The Hearing Officer Addressed and Decided Only Those Issues Presented to Him by the Parties.*

Sharp contends that, because Mr. Grant addressed and decided issues which the parties expressly agreed to reserve for later adjudication, his decision is null and void. That contention is also lacking in merit.

Prior to submitting the matter to Mr. Grant for determination, Sharp and the City agreed that the following three issues were in dispute:

1. Whether the appointing authority of the City has an obligation under section 9 of ordinance No. 586, to explain or substantiate the selection of one eligible candidate over another from a certified eligibility list;

2. Whether the appointing authority abused its discretion in appointing Moore over Sharp; and

3. The reasons Moore was selected over Sharp.

The parties also agreed in a joint statement summarizing the issues in dispute that, if "the hearing officer assigned to this matter agreed," the first issue would be decided before the remaining two issues.

Sharp argues that despite the explicit and limited submission, in the hearing officer's summary of the evidence, proposed findings of fact, conclusions of law and proposed recommendation (the Recommendation), he stated a number of times that "Sharp had not contended and/or proven the City had abused its discretion in not choosing him to fill the promotional vacancy."

In reviewing the Recommendation by Mr. Grant, this court has found only one instance where the hearing officer stated he found no abuse of discretion ("In and of itself, selecting number two over number one *is not* an abuse of discretion"). (Italics added.) Otherwise, the Recommendation contains only an accurate description of Sharp's contention ("That the City's failure to provide that explanation, is an abuse of discretion and requires that the promotion of Moore be rescinded") and an allusion to such an abuse of discretion ("I would have no hesitation in finding an abuse of discretion if I found something wrong in the selection process"). These few remarks by the hearing officer in his 10-page Recommendation do not require its nullification.[1]

At page 2 of the Recommendation, Mr. Grant noted the parties had agreed on the scope of the issues to be decided and expressly stated that *his review was limited* to a determination of whether section 9, of ordinance No. 586, requires that the City offer an explanation when it exercises its discretion to appoint from an eligibility list.

The factual findings and conclusions of law set forth by Mr. Grant in the Recommendation are as follows:

### "VI.   PROPOSED FINDINGS OF FACT

"1.   I find that the Appellant is not entitled to an explanation by the City of the reasons for his non-appointment to the position of Battalion Chief.

"2.   I find that the Appellant is not entitled to any substantiation by the City for the reasons for his non-appointment to the position of Battalion Chief.

"3.   I find that the Appellant has not sustained the burden of proof in this matter.

---

[1]The cases Sharp submits, in support of his theory that the hearing officer's decision must be vacated because he decided unsubmitted issues, pertain to arbitration hearings and are not here relevant.

## "VII. Proposed Conclusions of Law

"1. The City is not required to explain the reasons for Appellant's non-appointment to the position of Battalion Chief.

"2. The City is not required to substantiate the reasons for Appellant's non-appointment to the position of Battalion Chief.

"3. The City has fully complied with all requirements of its promotional rules and procedures in its non-appointment of Appellant to the position of Battalion Chief."

In light of the hearing officer's express statement in the Recommendation that *his review was limited* to a determination of whether section 9 of ordinance No. 586 requires the City to offer an explanation when it exercises its discretion to appoint from an eligibility list, this court interprets proposed conclusion of law No. 3 to address only that issue. As so interpreted, the Recommendation properly reflects the hearing officer's determination of the single question he was to decide.

### Disposition

The judgment denying petitioner Sharp's petition for writ of mandate is affirmed.

Woods (A. M.), P. J., and Vogel (C. S.), J., concurred.