[No. C024407. Third Dist. Dec. 9, 1997.]

STATIONARY ENGINEERS LOCAL 39 et al., Plaintiffs and Appellants,
v.
COUNTY OF SACRAMENTO et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II of the Discussion.

COUNSEL

VanBourg, Weinberg, Roger & Rosenfeld and Stewart Weinberg for Plaintiffs and Appellants.

Robert A. Ryan, Jr., County Counsel, and Robert L. Pleines, Assistant County Counsel, for Defendants and Respondents.

OPINION

BLEASE, Acting, P. J.—Petitioner Stationary Engineers Local 39 (the Union) appeals from a judgment entered following denial of a petition for writ of mandate.

The Union sought to compel the County of Sacramento (County) and the Sacramento County Civil Service Commission (Commission) to discontinue the practice of awarding five "preference points" to County employees whose scores on open examinations did not initially place them in the top three ranks of those taking the tests. The petition also sought monetary damages for lost wages and benefits due Daniel Ohler, a Union member and County employee, who ranked first in initial scoring on an open examination, but was passed over in the initial selection process and was promoted later than several lower scoring employees who were made eligible by the award of preference points.

The Union contends the Commission policy, which permits the award of preference points in the manner described above, violates the Sacramento County Charter in that it discriminates against permanent County employees who are similarly situated.

The County responds that: 1) the rule is not inconsistent with the county charter; 2) the petition is moot, since Ohler ultimately received an appointment; 3) monetary damages cannot be awarded since Ohler is not a party to the action, and the Union lacks standing to collect monetary damages on behalf of a member; and 4) because money damages were sought, a tort claim was required before filing suit.

We shall reverse the judgment and direct that a writ of mandate issue giving relief to the petitioners.

FACTS

The facts are undisputed. The Union is recognized by the County as the exclusive representative of employees in certain classifications. (Gov. Code, § 3501, subd. (b).) Daniel Ohler, a member of the Union, is employed by the County in the public works agency.

The County conducts both promotional-only and open examinations. Promotional-only exams are limited to current county employees, while open exams may be taken by employees and nonemployees. Persons taking the exam are ranked according to their scores. All persons with identical scores jointly occupy a rank. Rank one indicates the person(s) with the highest exam score. The "rule of three" generally permits agencies to hire anyone from the first three ranks. (Gov. Code, § 19057.1; see *Sharp* v. *Civil Service Com.* (1993) 14 Cal.App.4th 1507, 1511 [18 Cal.Rptr.2d 407].)

Ohler took an open examination for the position of underground construction and maintenance supervisor. He passed with a score of 97 out of a possible 100, making him the only person in rank number 1. The remaining ranks, prior to adjustment, were filled as follows: Wade Proctor in rank 2; Rick Bedel in rank 3; Randy Wood and Bill Silva in rank 4; Nancy Heflin, Randy Cannedy, Al Bannister, and Ken Rowel in rank 5; and Jeff Perkins in rank 6. All, including Ohler, were permanent County employees at the time of the examination.

However, the County applied a policy which adjusted the scores of those in ranks 4 through 6 making the employees in those ranks eligible for promotion along with the employees in ranks 1 through 3. The policy

provides that any permanent employee with a passing score within five points of rank 3 is certified as eligible for selection, along with those candidates whose nonadjusted scores place them in the first three ranks. Thus, in this case the candidates in ranks 4 through 6 were deemed to have five preference points added to their scores, and as a consequence were certified as eligible for appointment along with Ohler, Proctor, and Bedel, who were not deemed to have similarly increased scores. Appointments were then made in the following order: Proctor (originally rank 2; Wood, Heflin, Cannedy, Bannister, Rowel and Perkins (originally in ranks 4, 5, and 6. Ohler and Bedel were bypassed.

Ohler was eventually appointed, sometime after the underlying petition for a writ of mandate was filed in the trial court. That petition, challenging the validity of the County policy under the County charter and implementing civil service rules, was denied by the trial court leading to this appeal.

In denying the Union's petition, the trial court found: "Sacramento County Civil Service Rule 5.2(b)(2) is proper in light of Section 71-F of the Sacramento County Charter . . . said rule was designed to bump permanent county employees within a certain range but not otherwise reachable for civil service selection in open examinations into a reachable class, but not to displace any otherwise reachable candidates . . . ."

DISCUSSION

I, II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

III

*The Commission Policy Violates the County Charter and Civil Service Rules*

█    As noted, the Commission policy favors some permanent employees over other permanent employees by awarding five additional points only to those whose initial scores placed them in ranks 4 through 6. It provides that any permanent employee with a passing score within five points of rank 3 is certified as eligible for selection, along with those candidates whose nonadjusted scores place them in the first three ranks.

As a consequence of this policy, Proctor (originally in rank 2, Wood, Heflin, Cannedy, Bannister, Rowel and Perkins (originally in ranks 4,

*See footnote, *ante*, page 1177.

5, and 6) were made eligible for appointment along with Ohler and Bedel, whose scores were not increased. In the subsequent selection of six persons for advancement from this list, Ohler and Bedel were passed over. That could not have occurred had all permanent employees been treated equally.

The Commission policy violates both the charter and the County's civil service rules.

Article XI, section 3 of the California Constitution provides, in relevant part: "The provisions of a [county] charter are the law of the State and have the force and effect of legislative enactments." (Cal. Const., art. XI, § 3, subd. (a).)

The Sacramento County Charter delegates authority to the Commission among other things, to "provide promotional preference or credits for *permanent* county employees who attain the passing mark established for an examination." (Sac. County Charter, § 71-F(h), italics added.) It also provides that "[f]or the filling of one vacancy, the appointment shall be made from among the eligibles whose scores, at the time of certification, represent the three highest ranks on the list." (*Id.* at § 71-F(c).) It thus sanctions a mechanism favoring those who have already achieved permanent employment status over those who have not achieved such status.

The Commission has implied authority to adopt reasonable rules and regulations deemed necessary to the efficient exercise of the express powers granted by the county charter. (See *County of San Joaquin* v. *Stockton Swim Club* (1974) 42 Cal.App.3d 968, 972 [117 Cal.Rptr. 300]; *Baker* v. *Wadsworth* (1970) 6 Cal.App.3d 253, 261 [85 Cal.Rptr. 880].) Here, the express power granted was the authority to award preference points to permanent county employees taking open examinations.

Pursuant to this authority the Commission adopted rule 5.2(b)(2), as follows: "In open examinations the passing score of persons who by the final filing date have earned *permanent* status in any County class shall be annotated to indicate that the employee's score shall be regarded as five (5) points higher only for the purpose of determining the three ranks along with which the employee's name shall be certified. No score shall actually be changed and no new rank shall be created as a result of the application of this preference for certification purposes." (Civil Service Rules, rule 5.2(b)(2), italics added.)

There is nothing in the charter or this rule which grants authority to favor lower scoring permanent employees over higher scoring permanent employees.[1] The Commission's policy of awarding preference credits to some, but not all, permanent employee applicants with passing scores contravenes the express language of the charter and the Commission's own rule. The Commission therefore acted in excess of its authority, and the act was void.[2] (See *Ferdig* v. *State Personnel Bd.* (1969) 71 Cal.2d 96, 103-104 [77 Cal.Rptr. 224, 453 P.2d 728]; cf. *Cox* v. *Kern County Civil Service Com'n* (1984) 156 Cal.App.3d 867, 876 [203 Cal.Rptr. 94].)

For these reasons Ohler and Bedel were entitled to preference in selection over those in the unadjusted ranks 4 through 6.

### DISPOSITION

The judgment is reversed. The trial court shall issue a writ of mandate directing the County of Sacramento Civil Service Commission to grant preferences in accordance with Civil Service rule 5.2(b)(2), i.e., uniformly among all persons who have achieved permanent employment status. The trial court shall also determine the amounts due Daniel Ohler for the salary and benefits he would have received had he not been passed over. Appellants shall recover costs on appeal.

Sims, J., and Scotland, J., concurred.

---

[1] Applicants may receive veteran or other preference points not at issue here.

[2] Application of Civil Service rule 5.2(b)(2), as written, will accomplish the objective authorized by the charter. To illustrate:

*Hypothetical 1*: Four people take open exam. A is a permanent county employee; B, C, and D are not. The unadjusted scores are earned as follows: B = 97 (rank 1); C = 96 (rank 2); D = 94 (rank 3); A = 90 (rank 4).

Since A is a permanent employee, he is regarded as having a score of 95 (based on the five-point preference.) Since the rule provides that no new rank may be created (e.g., no "rank 2a"), all four are certified as eligible for appointment.

*Hypothetical 2*: Instead of earning a 90, A earns an 88. Even with a five-point preference because of his permanent employee status, A's effective score of 93 is not sufficient to place him in rank 3 or higher. He is therefore not certified as eligible for appointment.

*Hypothetical 3* (akin to the present case): A, B, C, and D are all permanent employees. The scores earned are the same as hypothetical 1. All are given five-point increases, by virtue of their permanent employee status. The ranks are unaltered, and only B, C and D are certified as eligible for appointment.